**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**
**BUFFALO DIVISION**

| | |
|---|---|
| **CYNTHIA AUGUSTYNIAK & DENISE** ) <br> **GIAMBRONE, on behalf of themselves** ) <br> **and all others similarly situated,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **LOWE'S HOME CENTERS, LLC;** ) <br> **LOWE'S HOME CENTERS, INC.;** ) <br> **LOWE'S COMPANIES, INC.; and** ) <br> **LOWE'S HIW, INC.** ) <br> ) <br> **Defendants.** ) <br> ) | **Case No. _____** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendants Lowe's Home Centers LLC (f/k/a Lowe's Home Centers, Inc. and Lowe's HIW, Inc.) and Lowe's Companies, Inc. (collectively "Lowe's")[1], by their undersigned counsel, respectfully remove this action from the Supreme Court of the State of New York, County of Erie, to the United States District Court for the Western District of New York. Removal is based on the grounds that diversity jurisdiction exists over this action under the Class Action Fairness Act ("CAFA") because the parties are diverse, and the amount in controversy exceeds the minimum threshold of $5,000,000, exclusive of interest and costs. In support of this removal, Lowe's shows the Court as follows:

    1.     On or about April 18, 2014, Plaintiffs Cynthia Augustyniak and Denise Giambrone ("Plaintiffs") filed a putative class action complaint ("Complaint") that is currently

---

[1] Lowe's Home Centers, Inc. was converted to Lowe's Home Centers, LLC on November 1, 2013. Effective December 31, 2013, Lowe's HIW, Inc. merged into Lowe's Home Centers, LLC. Accordingly, Lowe's Home Centers, LLC is the proper party to this lawsuit. Furthermore, neither Lowe's Companies, Inc. nor Lowe's HIW, Inc. ever employed Plaintiffs, and both entities are improperly named as Defendants in this action. Although no jurisdiction exists over Lowe's Companies, Inc. and Lowe's HIW, Inc., in order to avoid motion practice, Lowe's Companies, Inc. and Lowe's HIW, Inc. appear in this case specifically and do not consent to the general jurisdiction of the Court for this or any other matter.

pending in the Supreme Court of the State of New York, County of Erie, as Index No. 804062/2014 (the "State Action"). A copy of the Index identifying each document filed in the State Action is attached hereto as Exhibit A. The summons is attached to the Index as Exhibit 1. The Complaint and its exhibits are attached to the Index as Exhibit 2. Thus, pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Lowe's are attached.

2.      On May 22, 2014, Lowe's was served with process. Thus, Lowe's Notice of Removal is timely because it is filed within 30 days of the date of service. *See* 28 U.S.C. § 1446(b).

3.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs' counsel and a copy is being filed with the Clerk of the Supreme Court of the State of New York, County of Erie.

4.      As explained below, the State Action is one that may be removed to this Court because Lowe's has satisfied the procedural requirements for removal and this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

**Diversity Jurisdiction Under The Class Action Fairness Act.**

5.      The State Action is a civil action over which this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified as 28 U.S.C. §§ 1332(d), 1453, 1711-1715). Pursuant to CAFA, federal courts have original jurisdiction over a class action if: (i) it involves 100 or more putative class members; (ii) any class member is a citizen of a state different from any defendant; and (iii) the aggregated amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

6.      As set forth below, this is a putative class action in which, as alleged:  (i) there are

more than 100 members in Plaintiffs' proposed class; (ii) the Plaintiffs and the members of the

putative class have a different citizenship than the Lowe's defendants; and (iii) the claims of the

proposed class members exceed the sum or value of $5 million in the aggregate, exclusive of

interest and costs.  Thus, this Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. § 1332(d).

**A.      This Is A Class Action Consisting Of More Than 100 Members.**

7.      Plaintiffs bring this action pursuant to New York Labor Law, § 190, *et seq.*  The

limitations period for such claims is six years.  N.Y. Lab. Law § 198(3).

8.      Plaintiffs propose to represent a class of "[a]ll **Human Resources Managers** or

other Human Resources store employees with other titles, who are or were employed with

Lowe's in New York, within the past six years preceding this lawsuit (i.e. April, 4, 2008) to the

day of trial, who have worked in excess of forty (40) hours per week and were not paid overtime

wages." Compl. ¶ 18 (emphasis in original).

9.      As Plaintiffs allege, because "there are approximately sixty-seven (67) Lowe's

stores in New York, Plaintiffs anticipate there could be upwards of one-hundred-and-fifty (150)

current and former Human Resources Managers who have worked at Lowe's during the past six

(6) years." Compl. ¶ 19.  Accordingly, the proposed class exceeds 100 members.

**B.      The Diversity Of Citizenship Requirement Is Satisfied.**

10.     Plaintiffs are individuals who currently reside in New York.  Compl. ¶¶ 10-11.

Thus, Plaintiffs are citizens and residents of the state of New York.

11.     As Plaintiffs state in their Complaint, Lowe's is not a citizen of New York.

Rather, as Plaintiffs state in their Complaint, Lowe's Home Centers, LLC is a limited liability

company organized and existing under the laws of the State of North Carolina with its principal place of business in North Carolina. Compl. ¶ 13. As a limited liability company, for purposes of diversity, Lowe's Home Centers, LLC's citizenship depends on the citizenship of its members. *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Lowe's Home Centers, LLC's sole member is Lowe's Companies, Inc., which is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business in North Carolina. Compl. ¶ 15. Because its sole member is a North Carolina citizen, as a matter of law, Lowe's is a citizen of the state of North Carolina, not New York. The requisite diversity of citizenship therefore exists between the Plaintiffs and Lowe's. *See* 28 U.S.C. § 1332(c)(1) & (d)(2)(A).

**C.      The Amount In Controversy Requirement Is Satisfied.**

12.      As noted above, Plaintiffs bring suit pursuant to New York Labor Law § 190, *et seq.*, alleging that Lowe's misclassified its Human Resources Managers. Compl. ¶¶ 1-3. Plaintiffs seek "unpaid overtime wages of not less than one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, reasonable attorney's fees, costs, pre-judgment and post-judgment interest, and other compensatory and equitable relief pursuant to New York Labor Law Article 6 § 190, *et seq.*, and Article 19 § 650, *et seq.*" Compl. ¶ 77. Here, removal is proper because Plaintiffs' allegations establish there is far more than a "reasonable probability" that the Complaint puts at least $5 million at issue. *Cutrone v. Mortgage Elec. Registration Sys., Inc.*, 749 F.3d 137, 142 (2d Cir. 2014) (to "establish the requisite amount in controversy for CAFA jurisdiction pursuant to 28 U.S.C. § 1332(d), a defendant must 'show that it appears to a 'reasonable probability' that the aggregate claims of the plaintiff class are in excess of $5 million.'").

- 4 -

13.     Plaintiff Giambrone alleges that her salary was $42,000, which was based on a 40 hour work week.  Compl. ¶ 64.  Dividing $42,000 by 52 weeks and then by 40 hours comes to $20.19 an hour.  Giambrone alleges she worked 20 hours of overtime per week.  Compl. ¶ 65. Giambrone's overtime rate, based on her allegation that she is entitled to an overtime rate of one and one-half times her regular rate (Compl. ¶ 77), would be $30.29.[2]  Multiplying that purported overtime rate of $30.29 by 20 hours of overtime, equals $605.80 per week.  Giambrone alleges she worked for Lowe's from August 31, 2009 to July 19, 2011.  Compl. ¶ 56.  This is approximately 98 weeks.  Thus, based on Plaintiff Giambrone's calculations, she is seeking damages of $59,368.40 in alleged unpaid overtime wages.[3]

14.     In the Complaint, Plaintiffs allege that there are upwards of 150 potential class members.  Compl. ¶ 19.  Plaintiffs allege that they are "typical of those of the Class."  Compl. ¶ 21.[4]  Multiplying $59,368.40 by 150 potential class members comes to $8,905,260.  Such extrapolation based on the allegations in the Complaint are sufficient to satisfy the CAFA amount in controversy in purported wage and hour class actions.  *See Hart v. Rick's NY Cabaret*

---

[2] Lowe's accepts Plaintiff Giambrone's allegations that the overtime rate is one and one-half times her regular rate only for purposes of this motion and reserves the right to apply the fluctuating work-week method of calculating overtime pay, which is permitted under New York law, should Plaintiffs be entitled to overtime pay, which Lowe's denies.  *See Wills v. RadioShack Corp.*, --- F. Supp. 2d ---, 2013 WL 5951078, at *4 (S.D.N.Y. Nov. 7, 2013) ("The Court holds that RadioShack's use of the [fluctuating workweek] method was lawful under the NYLL.").

[3] Lowe's accepts Plaintiff Giambrone's allegations as true only for purposes of this Notice, and does not admit that Giambrone, Plaintiff Augustyniak, or any potential class members were misclassified, worked the alleged amount of overtime hours, or that they are entitled to any of the damages they seek.  Lowe's reserves the right to later challenge these allegations.

[4] As with Giambrone, Plaintiff Augustyniak alleges in the Complaint that she worked for Lowe's for 2 years during the class period (April 2008 to April 2010) and averaged 60-65 hours a week, or 20-25 hours of overtime per week.  Compl. ¶¶ 18, 42, 53.  Again, Lowe's denies these allegations, but accepts them as true solely for purposes of this Notice, and reserves the right to later challenge these allegations.

*Int'l, Inc.*, 967 F. Supp. 2d 955, 961 (S.D.N.Y. 2014) (holding that multiplying plaintiff's purported damages "across 1,752 class members yields class-wide aggregate damages exceeding $28 million" for CAFA amount in controversy purposes; "To be sure, not every class member will be entitled to damages equal to Hart — if NYLL liability is shown, some may be entitled to more, and others less — but plaintiffs are not required at this stage to conclusively establish total damages"); *see also Henry v. Warner Music Grp. Corp.*, No. 13 Civ. 5031(PGG), 2014 WL 1224575, at *3-4 (S.D.N.Y. March 24, 2014) (where complaint did "not make a specific demand for damages, and the aggregate value of the claims at issue is not apparent from the face of the Complaint," court accepted defendant's extrapolation for CAFA amount in controversy purposes). Based on the foregoing, there is far more than a "reasonable probability" that the jurisdictional amount in controversy requirement is met, and removal to this Court is proper under CAFA.

15.     Plaintiffs also seek attorney's fees, prejudgment interest, and "other compensatory and equitable relief" under the NYLL, which may include liquidated damages. Compl. ¶ 77; NY Lab. Law § 198(1)(a). Combined with Plaintiffs' overtime claim, there is no question that the amount in controversy in this case exceeds $5 million for CAFA jurisdictional purposes. Removal is proper.

## VENUE

16.     Venue for removal is proper in this District and Division because this District and Division embrace the Supreme Court of the State of New York, County of Erie, the forum in which the State Action was filed. *See* 28 U.S.C. 1446(a) (mandating venue for removal actions).

## NOTICE

17.    Lowe's will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Erie, and will serve a copy on Plaintiffs.

WHEREFORE, Lowe's hereby removes this State Action from the Supreme Court of the State of New York, County of Erie, to this Court, pursuant to 28 U.S.C. § 1332(d).

Respectfully submitted this 20th day of June, 2014

HUNTON & WILLIAMS LLP

By:

Shawn Patrick Regan
200 Park Avenue, 52nd Floor
New York, New York 10166
(212) 309-1000
sregan@hunton.com

- and -

Juan C. Enjamio (to be admitted *pro hac vice*)
HUNTON & WILLIAMS LLP
1111 Brickell Ave., Suite 2050
Miami, FL 33131
(213) 534-2000
jenjamio@hunton.com

*Attorneys for Defendants*
*LOWE'S HOME CENTERS, LLC; LOWE'S*
*HOME CENTERS, INC.; LOWE'S*
*COMPANIES, INC.; and LOWE'S HIW, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that, according to Local Rule 81(a)(4), a true and correct copy of the foregoing **Notice of Removal** and all of its attachments were served via United States First Class mail to the following counsel of record:

> Dale James Morgado
> FELDMAN MORGADO PA
> 14 Wall Street
> 20th Floor, Suite 2040
> New York, N.Y. 10005

DATED:  June 20, 2012

Shawn Patrick Regan