# *EXHIBIT A*

## INDEX

| Exhibit | Description | Date |
| --- | --- | --- |
| 1 | Summons | April 18, 2014 |
| 2 | Class Action Complaint | April 18, 2014 |

# *EXHIBIT 1*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** Erie

---

CYNTHIA AUGUSTYNIAK & DENISE
GIAMBRONE, on behalf of themselves and all
others similarly situated,

|                                              Plaintiff(s),

-against-

LOWE'S HOME CENTERS, LLC.;
LOWE'S HOME CENTERS, INC.;
LOWE'S COMPANIES, INC.; and
LOWE'S HIW, INC.,

|                                              Defendant(s).

---

Index No.

# Summons

Date Index No. Purchased: April 18, 2014

### To the above named Defendant(s)

| Lowe's Home Centers Inc. | Lowe's Home Centers, LLC | Lowe's Companies, Inc. | Lowe's HIW, Inc. |
|---|---|---|---|
| 1605 Curtis Bridge Road | 1605 Curtis Bridge Road | 1000 Lowe's Blvd., | 101 Andover Park East |
| Wilkesboro, North Carolina, 28697 | Wilkesboro, North Carolina, 28697 | Mooresville, North Carolina 28117 | Tukwila, Washington 98188 |

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is Erie County which is the residence of one of the plaintiffs.

Dated: NEW YORK, NEW YORK

April 18, 2014

FELDMAN MORGADO, P.A

by

DALE J. MORGADO
Attorneys for Plaintiff

Feldman Morgado, PA

14 WALL STREET, 20TH FL. STE. 2040
NEW YORK, NY 10005

# *EXHIBIT 2*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

-------------------------------------------------------------------x
CYNTHIA AUGUSTYNIAK &
DENISE GIAMBRONE, on behalf of themselves and all
others similarly situated,

|                              |                              |
|------------------------------|------------------------------|
| Plaintiffs,                  | **INDEX No.** _____ |
| Against                      |                              |
| LOWE'S HOME CENTERS, LLC.;   | **CLASS ACTION**             |
| LOWE'S HOME CENTERS, INC.;   | **COMPLAINT**                |
| LOWE'S COMPANIES, INC.; and  |                              |
| LOWE'S HIW, INC.,            |                              |
| Defendants.                  | **Demand for Trial**         |
|                              | **by Jury**                  |

-------------------------------------------------------------------x

Plaintiffs, CYNTHIA AUGUSTYNIAK & DENISE GIAMBRONE, on behalf of themselves and all others similarly situated, respectfully alleges upon knowledge as to herself and upon information and belief as to all other matters, the following:

## SUMMARY OF THE ALLEGATIONS

Defendants willfully choose to uniformly misclassify a group of employees titled Human Resources Managers as exempt. This was done so Defendants would not have to pay their employees overtime. This decision was made as the highest corporate level, was wrong, and the actors knew it. The policy saves hundreds of millions of dollars. In fact, years of litigation (even if unsuccessful), is more cost effective then complying with the law due to its rolling statute of limitations. Said simply, this was a business decision to purposefully evade the provisions of the New York Labor Law and applicable regulations.

1

The "Human Resource Managers" here don't act like their title implies. Indeed, they lack discretion to make meaningful decisions, they do not promulgate or carry out corporate policy, and they do not supervise employees. Instead, they perform menial laborious tasks, including, operating cash registers, cleaning bathrooms, greeting customers, and sweeping the stores. They are mandated to work overtime. As a result, the class has been grossly underpaid and overworked and Defendants have been unjustly enriched by virtue of their systematic failure to compensate Plaintiffs and the Class in accordance with New York law. On behalf of herself and the Class, Plaintiffs seeks injunctive relief requiring Defendants to comply with the law, compensatory damages in the amounts Plaintiffs, and the Class members, should have received had Defendants paid them overtime compensation in accordance with the law, calculated their wages properly under the law, pre- and post-judgment interest, and attorneys' fees and costs.

## INTRODUCTION

Plaintiffs, CYNTHIA AUGUSTYNIAK[1] & DENISE GIAMBRONE,[2] individually, and on behalf of all others similarly situated, sues Defendants, LOWE'S HOME CENTERS, INC., LOWE'S HOME CENTER'S LLC, LOWE'S COMPANIES, INC., and LOWE'S HIW, INC.,[3] pursuant to the provisions of the New York Labor law and applicable regulations, and states as follows:

1.     Plaintiffs bring this action on behalf of themselves and a class of similarly situated current and former employees, to seek redress for systematic and class-wide failure to pay overtime pay and for unjust enrichment.

---

[1] hereinafter referred to as "Ms. Augustyniak" or "Augustyniak"

[2] hereinafter referred to as "Plaintiffs," Ms. Giambrone" or "Giambrone"

[3] hereinafter collectively referred to as "Defendants" or "Lowe's" or the "Company"

2.      Pursuant to plan and policy, the Plaintiffs and similarly situated current and former employees have been given the title of "Human Resources Manager" and unlawfully misclassified by Defendants as exempt employees to avoid compensating them for time worked in excess of forty (40) hours per week.

3.      Defendants failed to pay Plaintiffs and similarly situated employees in accordance with the provisions of New York Labor law, applicable regulations and common law principles of unjust enrichment, including, but not limited to, their failure to pay Plaintiffs and the Class for all wages due for overtime work at not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

4.      In this pleading, the term "Human Resources Manager" means any employee with the title of Human Resources Manager or any other title or position where employees perform substantially the same work as employees with that title (discovery may reveal additional job titles and employees that should be included).

5.      In this pleading, "Defendants" mean the named Defendants, LOWE'S HOME CENTERS, INC., LOWE'S HOME CNETERS, LLC, LOWE'S COMPANIES, INC., and LOWE'S HIW, INC., and any other corporation, organization or entity responsible for the employment practices complained of herein (discovery may reveal additional Defendants that should be included).

6.      The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiffs bear the burden of pleading, proof, or persuasion.  Plaintiffs reserve all rights to plead in the alternative.

## JURISDICTION AND VENUE

7.     This Court has personal jurisdiction over this action because the Defendants operate substantial business in Erie County, New York, and some of the damages at issue occurred in Erie County, New York.

8.     Venue in this Court is proper pursuant to CPLR § 503. Defendants regularly conduct business in the State of New York and within Erie County and one of the Plaintiffs reside in this county.

9.     Plaintiffs bring causes of action based solely on and arising under New York law. The claims of Plaintiffs and the Class are claims for violations of New York law that occurred exclusively in New York and all, or substantially all, Class members are residents of New York. These claims arise from Defendants' systematic wage abuse against their "Human Resources Managers" in New York.

## THE PARTIES

### The Representative Plaintiffs, Cynthia Augustyniak

10.     Ms. Augustyniak resides in Erie County, New York.  She worked for Lowe's from October of 2004 to April of 2010 as a Human Resources Manager in Orchard Park, New York.

### The Representative Plaintiffs, Denise Giambrone

11.     Ms. Giambrone resides in Monroe County, New York.  She worked for Lowe's from August 31, 2009 to July 19, 2011 as a Human Resources Manager in Brockport, New York.

### The Defendants

12.     Defendant, LOWE'S HOME CENTERS, INC., is a Foreign For-Profit Corporation, with its principal place of business at 1605 Curtis Bridge Road, Wilkesboro, North

4

Carolina 28697.  Defendant, LOWE'S HOME CENTERS, Inc. may be served through its registered agent for service of process, Corporation Service Company, at 1201 Hays Street, Tallahassee, Florida 32301.  Upon information and belief, this Defendant controls many of the U.S. stores of Lowe's.

13.  Defendant, LOWE'S HOME CENTERS, LLC, is a Foreign Limited Liability Company with its principal place of business 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697. Defendant, LOWE'S HOME CENTERS, LLC, has registered with the New York State Department of State and may be served through its registered agent for service of process, Corporation Service Company, at 80 State Street, Albany, New York, 12207-2543. Defendant LOWE'S HOME CENTERS, LLC is registered as a resident of Onondaga County, and upon information and belief, this Defendant – either in conjunction with or in the place of Defendant LOWE'S HOME CENTERS, INC., controls many of the U.S. stores of Lowe's.

14.  Defendant, LOWE'S HIW, INC., is a subsidiary corporation of LOWE'S COMPANIES, INC.  Defendant, LOWE'S HIW, INC. is a Washington corporation with its principal place of business located at 101 Andover Park East, Tukwila, Washington 98188.  Upon information and belief, this Defendant controls a number of the LOWE'S stores.

15.  Defendant, LOWE'S COMPANIES INC., is a Fortune 100 company incorporated in North Carolina.  It is publicly traded on the New York Stock Exchange.  It had sales of $50.5 billion and net earnings of $2.0 billion in 2012. Its principal office is located at 1000 Lowe's Blvd., Mooresville, NC 28117-8520. Its registered agent for service of process is the Corporation Service Company, 327 Hillsborough Street, Raleigh, NC 27603-1725. Upon information and belief, LOWE'S COMPANIES, INC. owns the other LOWE'S Defendant companies.

16.     Upon information and belief, in November of 2013, Defendant LOWE'S HOME

CENTERS, INC., converted to the business entity LOWE'S HOME CENTERS, LLC.

17.     At all times relevant to this action, Plaintiffs and the Class were "employees"

covered by the New York Labor Law, and Defendants were "employers" of Plaintiffs and the Class

of "Human Resources Managers" she seeks to represent, as those terms are defined by New York

Labor Law §§ 651(5) and (6), 190(2) and (3) and applicable regulations, 12 NYCRR § 142-2.14.

## CLASS ACTION ALLEGATIONS

18.     Plaintiffs brings this action individually and as a class action under CPLR Article

9, as representative of a class (the "Class") consisting of herself and:

> All **Human Resources Managers** or other Human Resources store employees with
> other titles, who are or were employed with Lowe's in New York, within the past
> six years preceding this lawsuit (i.e. April 4, 2008) to the day of trial, who have
> worked in excess of forty (40) hours per week and were not paid overtime wages.

19.     The Class is so numerous that joinder of all Class members is impracticable.

Although the precise number of such persons is unknown, and the facts are presently within the

sole knowledge of Defendants, there are hundreds of Human Resources Managers employed by

Defendants in New York as of the date this Complaint was filed.  The Class also includes former

employees who were employed by Defendants since April 4, 2008.   Because there are

approximately sixty-seven (67) Lowe's stores in New York, Plaintiffs anticipates there could be

upwards of one-hundred-and-fifty (150) current and former Human Resources Managers who have

worked at Lowe's during the past six (6) years.  Therefore, the Class is sufficiently numerous to

warrant certification.

20.     The claims of all Class members present common questions of law or fact, which

predominate over any questions affecting only individual Class members, including:

a) Whether Defendants violated the New York Labor Law by failing to pay Plaintiffs and the Class overtime wages;

b) Whether Defendants were unjustly enriched by their wage policies;

c) Whether Defendants should be enjoined from continuing the alleged wrongful practices in violation of New York Labor Law and applicable regulations; and

d) What is the proper measure of damages for the type of injury and losses suffered by Plaintiffs and the Class.

21.    Plaintiffs' claims are typical of those of the Class, because they are, or were, employed by Defendants as Human Resources Managers who sustained damages, including non-payment of overtime wages, as a result of Defendants' common compensation policies and practices. The defenses that likely will be asserted by Defendants against Plaintiffs are typical of the defenses that Defendants will assert against the Class members.

22.    Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced in pursuing complex and class action litigation who will adequately and vigorously represent the interests of the Class.

23.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy alleged herein for at least the following reasons:

A. This action will cause an orderly and expeditious administration of the Class' claims; economies of time, effort and expense will be fostered; and uniformity of decision will be ensured;

B. This action presents no difficulties impeding its management by the Court as a class action; and no superior alternative exists for the fair and efficient adjudication of this controversy;

7

C. Class members currently employed by Defendants would be reluctant to file individual claims for fear of retaliation or blacklisting even after the end of their employment;

D. The Class is readily identifiable from records that Defendants are legally required to maintain; and

E. Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

24.     Defendants have acted, or failed to act, on grounds generally applicable to the Class.

25.     Without a class action, Defendants will likely retain the benefit of their wrongdoing and will continue a course of action which will result in further damages to Plaintiffs and the members of the Class.

26.     Currently pending before the United States District Court, Middle District of Florida is a collective action case, brought pursuant to the Fair Labor Standards Act ("FLSA") and styled as *Lizeth Lytle, individually and on behalf of all others similarly situated who consent to their inclusion in a collective action v. Lowe's Home Centers, Inc.; Lowe's Companies, Inc.; and Lowe's HIW Inc.*, Case No. 8:12-cv-1848-T-33TBM, which, like this class action, has also been brought on behalf of all Human Resources Managers.

27.     In *Lytle*, the United States District Court, Middle District of Florida, has conditionally certified that case on behalf of all Human Resources Managers across all Lowe's stores throughout the United States and found that the Human Resources Managers are similarly situated. *See Lytle* Order granting conditional certification attached as **Exhibit "A."**

8

28.     Likewise, the Defendants have admitted in Lytle, that the job descriptions for all Store Human Resources Managers are the same for all Lowe's stores in the United States of America. *See* Lowe's Responses to First Request for Admissions in *Lytle* attached as **Exhibit "B."**

## FACTUAL BACKGROUND

29.     LOWE'S operates more than 1,750 home improvement retail stores nationwide, including sixty-seven (67) stores in New York.

30.     Upon information and belief, all stores are uniform in management, and the stores are mirror images of each other.

31.     Upon information and belief, all or substantially all stores operate with the same training models for employees, career paths, job titles, hierarchy, and employee policies and procedures.

32.     Upon information and belief, all stores are supervised by territory or regional officers who represent the corporate office.

33.     The position of Human Resources Manager is not a position that falls within any exemptions within the Fair Labor Standards Act ("FLSA"), § 213.

34.     Under the regulations implementing the New York Labor Law, non-exempt employees must be paid at a rate of "not less than one and one-half times the regular rate at which he is employed" for any hours worked in excess of forty hours in a given week.  12 NYCRR § 142-2.2 (adopting provisions of FLSA and implementing New York Labor Law).

35.     The Human Resources Manager job description is the same for all Lowe's stores in New York.

36.     No college education is required for the Human Resources Manager position.

37.     All job postings are handled by the corporation and listed on the company's website. The job descriptions for the Human Resources Manager position are identical for all states, including New York State.

38.     Pursuant to 12 NYCRR § 142-2.2, Lowe's, as the employer of Ms. Augustyniak and Ms. Giambrone and other similarly situated employees, was and is required to pay one and one-half times each employee's hourly rate of pay for all hours worked in excess of forty (40) hours per week.

39.     The Defendants, as a matter of policy and practice, willfully and intentionally failed to pay Plaintiffs and the Class members one and one-half times their regular rate of pay for any hours worked over forty (40) in a week in violation of 12 NYCRR § 142-2.2.

40.     Defendants have willfully misclassified Human Resources Managers as salaried, exempt employees for the purpose of avoiding the overtime pay provision of the New York Codes, Rules, and Regulations. Defendants have done so uniformly throughout their stores in New York by not compensating Human Resources Managers with overtime wages. The job duties of the Human Resources Manager position are uniform throughout all Lowe's stores in New York with regard to the intentional and willful misclassification of this class of employees.

41.     Defendants have intentionally and repeatedly engaged in the practice of misclassifying non-exempt Human Resources Managers as salaried exempt employees for the purpose of minimizing payroll and increasing profitability.

## MS. AUGUSTYNIAK

42.     Ms. Augustyniak worked for Lowe's from October of 2004 until April of 2010 as a Human Resources Manager.

43.     Ms. Augustyniak falls outside of the two and three year statute of limitations provided for under the FLSA and cannot opt into the collective action case, and claim her unpaid wages, which is currently pending on behalf of the Human Resources Managers in *Lytle*.

44.     Ms. Augustyniak's duties as a Human Resources Manager included mainly clerical work such as processing paperwork related to benefits, and payroll and other new hire documentation.

45.     The extent of Ms. Augustyniak's participation in the interview process consisted of reading scripted questions and attributing a score to each applicant by following a pre-made scoring chart created by Lowe's. Ms. Augustyniak then provided the scores to a department manager and/or store manager who would then conduct final interviews and select a candidate for hire.

46.     Ms. Augustyniak's participation in the interview process was automated and she could not give recommendations on who to hire. Her role as a Human Resources Manager was limited to being an initial screener of job applicants by following an automated procedure dictated by Lowe's.

47.     Ms. Augustyniak did not have the ability to supervise, hire, or fire other employees.

48.     Ms. Augustyniak's work did not involve the exercise of discretion and judgment. She had no authority to make independent decisions on matters that affected the business as a whole or any significant part of the business.

49.     Ms. Augustyniak did not supervise any employees and did not have any subordinate employees she could or did delegate work to.

50.     Ms. Augustyniak did not have the authority to promote employees, determine their pay rates or benefits or give raises. Ms. Augustyniak was unable to make personnel decisions.

51.     Ms. Augustyniak did not have the authority to decide whether or not an employee should be disciplined for an infraction or what the discipline would be.  Disciplinary decisions were made by Ms. Augustyniak's supervisors and/or dictated by Defendants' company policies.

52.     Ms. Augustyniak was not in reality a manager as that term is known within the meaning of the FLSA.  The primary job duty of Ms. Augustyniak was as a low level Human Resources employee, processing documents, screening job applicants, handling benefit papers, record custodian, following instructions of corporate procedures, and processing payroll.

53.     Ms. Augustyniak averaged between sixty (60) to sixty-five (65) hours of work per week.

54.     Ms. Augustyniak worked these hours throughout her employment with Lowe's.

55.     While employed by Defendants, Ms. Augustyniak regularly worked more than forty (40) hours in a week but was not paid overtime compensation.

## MS. GIAMBRONE

56.     Ms. Giambrone worked for Lowe's from August 31, 2009 until July 19, 2011 as a Human Resources Manager.

57.     Ms. Giambrone's duties as a Human Resources Manager included mainly clerical work such as processing paperwork related to benefits, and payroll and other new hire documentation.  Ms. Giambrone also assisted the Store Manager with the hiring process but did not have to authority to make any hiring decisions.

58.     Ms. Giambrone did not have the ability to supervise, hire, or fire other employees. Only the store manager, who was in a superior position to Ms. Giambrone, could supervise, hire and fire employees.

59.     Ms. Giambrone's work did not involve the exercise of discretion and judgment. She had no authority to make independent decisions on matters that affected the business as a whole or any significant part of the business.

60.     Ms. Giambrone did not supervise any employee and did not have any subordinate employees she could or did delegate work to.

61.     Ms. Giambrone did not have the authority to promote employees, determine their pay rates or benefits or give raises.  Ms. Giambrone was unable to make personnel decisions.

62.     Ms. Giambrone did not have the authority to decide whether or not an employee should be disciplined for an infraction or what the discipline would be.  Disciplinary decisions were made by Ms. Giambrone's supervisors and/or dictated by Defendants' company policies.

63.     Ms. Giambrone was not in reality a manager as that term is known within the meaning of the FLSA.  The primary job duty of Ms. Giambrone was as a low level Human Resources employee, processing documents, following instructions of corporate procedures, and processing payroll.

64.     Ms. Giambrone was paid a salary of Forty-Two Thousand Dollars ($42,000.00) per year, which was based on working forty (40) hours per week.

65.     Ms. Giambrone averaged sixty (60) hours of work per week.

66.     Ms. Giambrone worked these hours throughout her employment with Lowe's.

67.     While employed by Defendants, Plaintiffs regularly worked more than forty (40) hours in a week but was not paid overtime compensation.

13

**FIRST CAUSE OF ACTION**

**New York Labor Law: Unpaid Overtime Wages in Violation of 12 NYCRR § 142-2.2**
**(Brought on behalf of Plaintiffs and the Class)**

68.     Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

69.     Throughout the Class Period, Plaintiffs and members of the Class were Defendants' "employees" within the meaning of the New York Labor Law §§ 190(2) and (3), and 651(5) and (6).

70.     Throughout the Class Period, Defendants failed to pay Plaintiffs and the Class overtime wages of not less than one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek in violation of 12 NYCRR § 142-2.2.

71.     Defendants have willfully and intentionally engaged in a statewide pattern and practice of violating the provisions of the New York labor laws, by misclassifying Human Resources Managers as exempt and improperly failing and/or refusing to pay Ms. Augustyniak and Ms. Giambrone and the Plaintiffs Class, comprised of all current and former similarly situated employees who work or have worked over forty (40) hours per week, overtime compensation pursuant to 12 NYCRR § 142-2.2.

72.     Lowe's has been operating its business since 1946 and knew, or should have known, that job title alone (i.e. Human Resources Manager) is not controlling of the overtime exemption status of employment under 12 NYCRR § 142-2.2 and the FLSA.

73.     Lowe's knowingly and willfully misclassified Ms. Augustyniak and Ms. Giambrone and other employees similarly situated, comprised of the Plaintiffs Class, as exempt for the purposes of decreasing costs and maximizing profitability.

14

74.     The widespread nature of Lowes' failure to pay overtime, in violation of 12 NYCRR § 142-2.2, is demonstrative of Lowes' willful plan and scheme to evade and avoid paying overtime to all of their Human Resources Managers.

75.     As a result of Lowes' violations of 12 NYCRR § 142-2.2, Ms. Augustyniak and Ms. Giambrone and the Plaintiffs Class, comprised of all other employees similarly situated, have suffered damages by Lowes' failure to pay overtime compensation in accordance with 12 NYCRR § 142-2.2.

76.     In light of Defendants' longstanding and ongoing violations of New York Labor Law and applicable regulations, Defendants' failure to pay current employees their wages due has caused and is causing irreparable injury to those Class members who are currently employed by Defendants, and unless enjoined, will cause further irreparable injury, leaving those Class members with no adequate remedy at law.

77.     Due to Defendants' violations of the New York Labor Law, Plaintiffs and members of the Class are entitled to recover from Defendants all of the unpaid overtime wages of not less than one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, reasonable attorney's fees, costs, pre-judgment and post-judgment interest, and other compensatory and equitable relief pursuant to New York Labor Law Article 6 § 190, et seq., and Article 19 § 650, *et seq.*

**SECOND CAUSE OF ACTION**

**Unjust Enrichment: Defendants' Failure to Pay Overtime Wages**

**(Brought on behalf of Plaintiffs and the Class)**

78.     Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

79.     Defendants have failed to pay Plaintiffs and the Class members overtime wages for the hours they each worked for Defendants.  12 NYCRR § 142-2.2 requires that Lowe's, subject to the exemptions of section 7 and 13 of the FLSA, pay their employees one and one-half times each employee's hourly rate of pay for all hours worked in excess of forty (40) hours per week.

80.     Due to Defendants' violations of the New York Labor Law, Plaintiffs and members of the Class are entitled to recover from Defendants their unpaid wages, reasonable attorney's fees, costs and pre-judgment and post-judgment interest.

81.     In light of Defendants' longstanding and ongoing violations of New York Labor Law and applicable regulations, Plaintiffs and the Class also seek injunctive relief precluding Defendants from continued violations of these laws and affirmatively mandating their compliance with the provisions of the New York Labor Law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Ms. Augustyniak and Ms. Giambrone, on behalf of themselves and all members of the Class, respectfully pray that this Court enter judgment:

A. Certifying the Class described herein pursuant to CPLR Article 9;

B. Entering judgment against Defendants, jointly and severally, in the amount of the Plaintiffs' and the Class members' individual unpaid wages for the preceding six (6) years minus any of the Plaintiffs's, and Class members', recovery of unpaid wages in *Lytle*, statutory damages and actual and compensatory damages, and pre- and post-judgment interest as allowed by law;

C. Awarding Plaintiffs and the Class members attorney's fees and costs incurred in this litigation;

D. Issuing a declaratory judgment that the practices complained of herein are unlawful under New York Labor Law;

E. Enjoining Defendants to cease the practices found illegal or in violation of the rights of the Class of Human Resources Managers; and

F. Granting Plaintiffs and the Class such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to CPLR § 4101, Plaintiffs demands a trial by jury on all questions so triable raised by the Complaint.

Dated:   New York, NY
        April 18, 2014

DALE JAMES MORGADO – FELDMAN MORGADO PA
14 Wall Street         100 N. Biscayne Blvd.
20th Floor, Suite 2040  29th Floor, Suite 2902
New York, NY 10005    Miami, Florida 33132

212.355.3555 Telephone  305.222.7853 Telephone
212.991.8439 Facsimile   305.384.4676 Facsimile

dmorgado@ffmlawgroup.com

*Attorneys for the Plaintiffs and Putative Class*

17

# *EXHIBIT A*

To Plaintiff's Class Action Complaint, filed on April 18, 2014, in the Supreme Court of the State of New York, County of Erie; Index No. 804062/2014

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIZETH LYTLE, individually
and on behalf of all others
similarly situated who consent
to their inclusion in a
collective action,

        Plaintiff,

v.                    Case No.  8:12-cv-1848-T-33TBM

LOWE'S HOME CENTERS, INC.;
LOWE'S COMPANIES, INC.;
and LOWE'S HIW, INC.,

        Defendants.

_____/

## ORDER

This matter comes before the Court pursuant to Plaintiff Lizeth Lytle's Amended Motion for Conditional Certification of Collective Class and Issuance of Notice and Motion for Equitable Tolling (Doc. # 205), which was filed on July 26, 2013. Defendants Lowe's Home Centers, Inc., Lowe's Companies, Inc., and Lowe's HIW, Inc. filed a response in opposition to Lytle's Motion for Conditional Certification of Collective Class on August 21, 2013. (Doc. # 221). Thereafter, with leave of Court, Lytle filed a reply on September 4, 2013. (Doc. # 235). Upon review and for the reasons stated below, the Court grants the Motion for Conditional Certification of Collective

Class as provided herein. However, the Court denies the Motion

for Equitable Tolling of the statute of limitations.

**I.    Background**

Lytle worked for Defendants from June of 2007 until March

of 2012 as a Human Resources Manager. (Doc. # 186 at ¶ 13).

Lytle asserts that Defendants have

> willfully and intentionally engaged in a nationwide
> pattern and practice of violating the provisions of
> the [Fair Labor Standards Act (FLSA)], by
> misclassifying Human Resources Managers as exempt
> under the FLSA overtime wage provision, thereby
> improperly failing and/or refusing to pay [Lytle]
> and the Plaintiff Class, comprised of all current
> and former similarly situated employees who work or
> have worked over forty (40) hours per week,
> overtime compensation pursuant to FLSA [29 U.S.C.
> §§ 206-207].

(Id. at ¶ 60; Doc. # 205 at ¶ 10). Accordingly, Lytle filed

an action for unpaid overtime compensation, liquidated

damages, pre-judgment and post-judgment interest, attorneys'

fees, costs and other compensation pursuant to 29 U.S.C. §

216(b) and injunctive relief pursuant to 29 U.S.C. § 217

against Defendants on August 15, 2012 (Doc. # 1), and

thereafter filed an Amended Complaint (Doc. # 76) on April

2

15, 2013.  Lytle filed a Second Amended Complaint on July 5,

2013.[1] (Doc. # 186).

At this juncture, Lytle seeks conditional certification

of this case as a nationwide collective action pursuant to 29

U.S.C. § 216(b), consisting of:

> All Human Resources Managers or other Human
> Resources store employees with other titles, who
> are or were employed with [Defendants], within the
> past three years preceding this lawsuit to the day
> of trial, and elect to opt-in to this action
> pursuant to FLSA 29 U.S.C. Section 216(b) who have
> worked in excess of forty (40) hours per week and
> were not paid overtime wages.

(Doc. # 205 at ¶ 11).

## II.   Legal Standard

The FLSA expressly permits collective actions against

employers accused of violating the FLSA's mandatory overtime

provisions.  See 29 U.S.C. § 216(b) ("[a]n action . . . may be

maintained against any employer . . . by any one or more

employees for and in behalf of himself or themselves and other

employees similarly situated.").  In prospective collective

---

[1]   The Court notes that in the Second Amended Complaint,
Lytle alleges a claim pursuant to the Employment Retirement
Income Security Act of 1974 ("ERISA"). However, as the present
Motion specifically requests conditional certification of a
nationwide collective action pursuant to 29 U.S.C. § 216(b),
the Court will limit its discussion to the FLSA claim.

3

actions brought pursuant to § 216(b), potential plaintiffs must affirmatively opt into the collective action. Id. ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

The Eleventh Circuit has recommended a two-tiered procedure for district courts to follow in determining whether to certify a collective action under § 216(b). Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1243 (11th Cir. 2003)(citing Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)). The first tier, known as the notice stage, is relevant here. "At the notice stage, the district court makes a decision - usually based on the pleadings and any affidavits which have been submitted - whether notice of the action should be given to potential class members." Cameron-Grant, 347 F.3d at 1243.

The Court must determine whether there are other employees who desire to opt-in and whether those employees are similarly situated. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008); Dybach v. State of Fla. Dep't of Corrs., 942 F.2d 1562, 1567-68 (11th Cir. 1991).

4

This determination is made using a "fairly lenient standard." Hipp, 252 F.3d at 1218. Factors considered in determining whether the potential plaintiffs are similarly situated to the named plaintiffs include (1) job duties and pay provisions and (2) whether they were subject to a common policy, plan, or scheme that forms the basis of the alleged FLSA violation. Dybach, 942 F.2d at 1567-68; Vondriska v. Premier Mort. Funding, Inc., 564 F. Supp. 2d 1330, 1335 (M.D. Fla. 2007). The plaintiffs bear the burden of showing a reasonable basis for the claim that there are other similarly situated employees who desire to join in the litigation. Id.

The second stage of the certification process is "typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial." Hipp, 252 F.3d at 1218. During the second stage of the certification process, the standard to show substantial similarity is more stringent. Morgan, 551 F.3d at 1261. If it is determined at the second stage that the representative plaintiffs and the opt-in plaintiffs are not similarly situated, the district court "decertifies" the collective action. Id. Notably, the Court does not make credibility determinations or resolve

5

contradictory evidence presented by the parties during the notice stage. See, e.g., Henderson v. Holiday CVS, LLC, No. 09-cv-80909, 2010 U.S. Dist. LEXIS 53604, at *10 (S.D. Fla. May 11, 2010)(declining to "indulge in a fact finding determination on the merits, which is improper" at the notice stage of the litigation).

III. **Conditional Certification Analysis**

   A.   **Do Others Seek to Join in the Action?**

As noted, Lytle bears the onus of demonstrating that there are other employees who desire to opt into the litigation and that these other employees are similarly situated with respect to their job requirements and pay arrangements. Dybach, 942 F.2d at 1567-68. In their response, Defendants concede that "[Lytle] has satisfied the first prong" of the Eleventh Circuit's two-tiered procedure. (Doc. # 221 at 5). Therefore, the Court will analyze whether Lytle has satisfied the second prong – whether the potential class members are similarly situated.

   B.   **Are the Potential Class Members Similarly Situated?**

In determining whether the potential class members are similarly situated, the Court must consider whether the employees are similar with respect to their job requirements

6

and pay provisions and the commonality of their claims. Dybach, 942 F.2d at 1567-68; Horne v. United Serv. Auto Ass'n, 279 F. Supp. 2d 1231, 1234 (M.D. Ala. 2003). Lytle must only demonstrate that her position is similar, not identical, to the positions of the potential class Plaintiffs. Grayson v. K-Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996). "[A] unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal "similarly situated" requirement of § 216(b). Id. at 1095. As explained in Morgan, the plaintiff's burden of showing a "reasonable basis" for the claim that there are other similarly situated employees is "not particularly stringent, fairly lenient, flexible, not heavy, and less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)." 551 F.3d at 1260-61 (internal citations omitted).

Lytle submits that the potential class members are similarly situated and, therefore, national class certification is warranted because Lytle, and the opt-in Plaintiffs, allege "identical job duties, hours [worked], lack of authority, lack of supervision of others and nearly identical employment history working as [Human Resources Managers] in [Lowe's] stores across the United States." (Doc.

7

# 205 at 18). Furthermore, Lytle contends she and the potential class Plaintiffs were all "subject to the same common practice or scheme by Defendants [-] misclassifying them as salaried, exempt and requiring overtime work." (Id. at 17, 20).

To support her contention, Lytle tenders the declarations of approximately 60 former and current Human Resources Managers, each sharing common core allegations regarding their personal employment and the standard business practices of Lowe's stores across the United States. Specifically, Lytle provides the declarations of former Area Human Resources Managers - Jamey Feltman and Michael Ferrara - to demonstrate that the "[Human Resources Managers] are similarly situated across all Lowe's stores throughout the United States and that they are subjected to a common practice or scheme that violated the law." (Id. at 22).

The Court reproduces salient portions of Feltman and Ferrara's declarations below:

> The Lowe's stores are mirror images of each other, including management, policies, hours, job duties, merchandise and layout. . . . As to the [Human Resources] Managers, Lowe's mandates uniformity in hours and job duties.

8

Lowe's corporate sets job duties and parameters for how each employee is to perform his or her job.

Lowe's corporate sets the number of hours each [Human Resources] Manager is to be scheduled for, as well as other employees in a uniform manner.

[Human Resources] Managers were not given the authority [to] use their discretion to fire or discipline employees.

Each store [Human Resources] Manager required the approval of the Area Manager or the Store Manager when it came to making any decisions affecting the store or Lowe's.  The [Human Resources] Managers had little if any discretion or decision making authority.

All [Human Resources] Managers were required to work overtime, above forty (40) hours per week.

All [Human Resources] Managers were scheduled for eleven (11) hours per day as well and always working every other Saturday.

The [Human Resources] Managers routinely worked beyond the scheduled hours.

The [Human Resources] Managers were all treated as salaried exempt employees and not paid for their overtime hours.

The primary duties of the [Human Resources] Manager position did not involve the exercise of discretion and independent judgment with respect to matters of significance of Lowe's.

The [Human Resources] Managers did not supervise employees and only [in] rare instances was there even a [Human Resources] coordinator subordinate employee in the [Human Resources] department of each store.

(Doc. # 205-5).

However, in response, Defendants contend that nationwide class certification is improper because in order to determine whether the potential class Plaintiffs are similarly situated, the Court would be required to engage in "individualized, factual determinations of each opt-in class member" (Doc. # 221 at 2). Furthermore, "[a] potential opt-in class is not similarly situated if 'a determination of which employees are entitled to overtime compensation under the FLSA depends on an individual, fact-specific analysis of each employee's job responsibilities under the relevant statutory exemption criteria.'" (Id. at 19)(quoting Tyler v. Payless Shoe Source, Inc., No. 2:05-cv-33F(WO), 2005 WL 3133763, at *6 (M.D. Ala. Nov. 23, 2005)).

Specifically, Defendants submit that the Court would have to inquire as to each Human Resources Manager's daily job duties, authority to supervise, hire, and discipline, and the classification of each Human Resources Manager as exempt

or non-exempt for the time period in question, which would defeat the purpose of conditional certification. (Doc. # 221 at 21). "[S]uch individualized differences [amongst the opt-in class members] destroy the purpose underlying collective action treatment and defeat attempts at collective action certification, even at this initial conditional certification stage." (Id. at 3).

This Court was faced with a similar argument as that posed by Defendants in Vondriska. There, the defendant alleged that the proposed class was not similarly situated because "the job titles and job duties of its employees vary from branch to branch." 564 F. Supp. 2d at 1335-36. The Court found that "[v]ariations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at [the notice] stage" and as a result, the Court found that the record evidenced a uniform class of similarly situated employees. Id. at 1335 (quoting Scott v. Heartland Home Fin., Inc., No. 01:05-cv-2812, 2006 WL 1209813, at *3 (N.D. Ga. May 3, 2006)(granting conditional certification to loan officers despite allegations their duties differed among branches)); see also Pendlebury v. Starbucks Coffee Co., No. 04-cv-80521,

2005 WL 84500, at *3-4 (S.D. Fla. Jan. 3, 2005)(granting conditional certification and refusing to consider factual dispute raised by defendant at the conditional certification stage where plaintiff offered affidavits establishing a similarly situated class).

Following the sound reasoning in Vondriska, this Court determines that Lytle has shown that there are similarly situated Human Resources Managers who seek to join this action and that Defendants' arguments against conditional certification are premature. Defendants' contentions pinpointing variations in the performance of Human Resources Managers duties depending on the particular store, store manager, Area Human Resources Manager, Human Resources Manager's personal experience, or when the particular duties were performed do not convince the Court that conditional certification is unwarranted. Instead, "Defendant[s'] arguments appear to be relevant to the application of various exemptions from the FLSA, which is more properly addressed after discovery is completed." Vondriska, 564 F. Supp. 2d at 1335-36; see Morgan, 551 F.3d at 1261-62 (courts should consider at the second stage "the various defenses available

12

to defendant[s] [that] appear to be individual to each plaintiff.").

Therefore, although the Court will re-examine the similarly situated status of the putative class members, if asked to do so at a later stage in a motion to de-certify filed by Defendants, at this point in the proceedings, Lytle has satisfied the burden of demonstrating that there are similarly situated persons who have suffered a pattern and practice of FLSA violations sufficient to warrant conditional certification of a collective action in this case.

## IV.  **Notice**

Lytle requests that this Court review her proposed form of class notice and require the notice to be posted at all Lowe's stores that Human Resources Managers are employed. (Doc. # 205 at 35). However, upon review of the present Motion, Lytle has not provided the Court with a proposed form of class notice. Exhibit H, which Lytle submits contains the proposed form of class notice, is instead a copy of Hoffman-La Roche, Inc. v. Richard Sperling, et al., 49 U.S. 165 (1989).

Nevertheless, in the event this Court granted conditional certification, which it has, Defendants, in their

13

response, reserved the right to "comment . . . on the notice to be issued to the potential opt-ins since the proposed notice has defects and is unfair to [Defendants]. For example, [Lytle] asks that the notice be posted in all stores. This request is highly unusual, and is not necessary (or appropriate) in this case, where there is only one potential class member in each store." (Doc. # 221 at n.8).

As there is disagreement between the parties regarding the proposed notice and means of dissemination, the parties are directed to file briefs supplementing their respective position on this matter by January 27, 2014. The Court, however, encourages the parties to confer in good faith regarding this issue in hopes that the parties will come to an agreement and file a jointly proposed notice and method of dissemination.

## V.   Production of Names and Addresses of the Class

Lytle requests that this Court require Defendants to produce the names and addresses of all putative class members in order to carry out the notice. (Doc. # 205 at 35). However, the Court defers its ruling on this issue until the Court has been fully briefed on the proposed notice and means of dissemination.

## VI. **Equitable Tolling**

By her present Motion, Lytle seeks an Order tolling the statute of limitations on the putative class members from "at least thirty (30) days after [Lytle] filed her Reply to Defendants Opposition to Plaintiff's Motion for Conditional Certification or **May 19, 2013**, which would have provided the Court with a reasonable amount of time to rule upon [Lytle's] original Motion for Conditional Certification." (Id. at 39)(emphasis in original).

"Equitable tolling is the doctrine under which plaintiffs may sue after the statutory time period has expired if they have been prevented from doing so due to inequitable circumstances." Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998). In Wallace v. Kato, the Supreme Court described equitable tolling as "a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." 549 U.S. 384, 396 (2007). In the Eleventh Circuit, the doctrine is "applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

15

circumstance stood in his way." Downs v. McNeil, 520 F.3d 1311, 1324 (11th Cir. 2008).

Defendants have not challenged that Lytle has diligently pursued her rights in this action. The issue before the Court is whether extraordinary circumstances warrant equitable tolling. Lytle contends that such extraordinary circumstances exist because the issue of whether nationwide class certification is warranted has been pending now for almost ten months.

According to Lytle, Lytle filed her initial Motion for Conditional Certification of Collective Class on March 14, 2013. (Doc. # 35). Based upon the filing of Lytle's Second Amended Complaint, the Court denied as moot Lytle's Motion for Conditional Certification "in order to promote accuracy in the filings and clarity of the record." (Doc. # 191). As a result, Lytle was required to then file the present Amended Motion for Conditional Certification on July 26, 2013. (Doc. # 205). Lytle thus argues that "[T]he Court's Order rendering [Lytle's] original Motion for Conditional Certification moot has delayed sending notice to putative class members who, through no fault of [Lytle], have been prevented from learning

16

of the existence of this action, and have been prejudiced and financially harmed." (Id. at 39).

While it is "unusual" for a motion for conditional certification to remain pending for 18 months, it is not "extraordinary" for such a motion – and the issues it addresses – to remain pending for only ten months, as was the case here. See, e.g., Fiore v. Goodyear Tire & Rubber Co., No. 2:09-cv-843, 2011 U.S. Dist. LEXIS 24371, at *10 (M.D. Fla. Mar. 10, 2011)("plaintiff has failed to demonstrate that extraordinary circumstances warrant tolling of the statute of limitations" even though it took the court nine months to grant the FLSA motion for conditional certification); Love v. Phillips Oil, Inc., No. 3:08-cv-92, 2008 U.S. Dist. LEXIS 102366, at *6-8 (N.D. Fla. Dec. 9, 2008)(rejecting FLSA plaintiffs' request for equitable tolling when the motion for conditional certification was pending for nine months before being granted by the court); Pendlebury v. Starbucks Coffee Co., No. 04-80521, 2008 U.S. Dist. LEXIS 20089 (S.D. Fla. Mar. 13, 2008)(rejecting plaintiffs' argument that statute of limitations in FLSA action should be equitably tolled because it took the court six months to rule on the motion for

conditional certification and four months to approve the notice to the potential class members).

Furthermore, courts in the Eleventh Circuit routinely deny motions like the present one because, during the pendency of the Amended Motion for Conditional Certification, "putative class members had two options for filing a timely claim: (1) opt into this collective action if they were aware of it, or (2) file an individual FLSA action." Ramos-Barrientos v. Bland, No. 6:06-cv-89, 2010 U.S. Dist. LEXIS 37562, at *5 (S.D. Ga. Apr. 15, 2010); Bobbitt v. Broadband Interactive, Inc., No. 8:11-cv-2855, 2012 U.S. Dist. LEXIS 96551, at *7-8 (M.D. Fla. July 12, 2012)(reasoning that, at any time during the 13 month period in which the motion for conditional certification was pending, any putative class member "could have chosen to file suit against [defendant], as nothing precluded them from doing so."); see also Longcrier v. HL-A Co., Inc., 595 F. Supp. 2d 1218, 1243-44 (S.D. Ala. 2008)(finding no equitable tolling "during the pendency of a conditional class certification request"). Furthermore, this Court "did nothing to lull putative class members into inaction, so equitable tolling is not appropriate." Ramos-Barrientos, 2010 U.S. Dist. LEXIS 37562, at *5. Thus, the

18

Court declines to apply the extraordinary remedy of equitable tolling to this matter.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Lizeth Lytle's Amended Motion for Conditional Certification of Collective Class and Issuance of Notice (Doc. # 205) is **GRANTED to the extent provided herein.**

(2) Plaintiff Lizeth Lytle's Motion for Equitable Tolling (Doc. # 205) is **DENIED.**

(3) The parties are directed to file briefs supplementing their respective position regarding the proposed class notice and means of dissemination of the notice by January 27, 2014.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of January, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

19

# *EXHIBIT B*

To Plaintiff's Class Action Complaint, filed on April 18, 2014, in the Supreme Court of the State of New York, County of Erie; Index No. 804062/2014

UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:12-cv-1848-T-33TBM

LIZETH LYTLE, Individually,
and on behalf of All Others
Similarly Situated Who Consent to Their
Inclusion in a Collective Action,

      Plaintiff,

v.

LOWE'S HOME CENTERS, INC.;
LOWE'S COMPANIES, INC.; and
LOWE'S HIW, INC.,

      Defendants.

_____/

## DEFENDANTS LOWE'S HOME CENTERS, INC. AND LOWE'S HIW, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS

Pursuant to Fed. R. Civ. P. 36, Defendants Lowe's Home Centers, Inc. and Lowe's HIW, Inc. ("Lowe's" or "Defendants") respond to Plaintiff Lizeth Lytle's First Request for Admissions as follows:

## DEFENDANTS' GENERAL OBJECTIONS TO REQUEST FOR ADMISSIONS

The following general objections are made with respect to each request for admission. Inclusion of one or more of the following objections in the specific objection to a given request does not constitute waiver of the remainder of the objections for that request.

1.     Defendants object to all requests to the extent they seek information outside the scope of discovery.  Such requests are irrelevant, burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

2.     Defendants object to all requests to the extent they seek to impose duties and burdens beyond those required by the Federal Rules of Civil Procedure.

3.     Defendants object to all requests to the extent they seek information exempted from discovery pursuant to the attorney-client privilege, the work-product doctrine, or any other privilege recognized by the Federal Rules of Civil Procedure.

4.     Defendants object to all requests to the extent they seek confidential or proprietary information, without an appropriate confidentiality agreement or protective order.

5.     Defendants object to all requests to the extent they seek information, the disclosure of which would violate the privacy rights of current and/or former employees of Defendants and/or their related entities.

6.     Defendants are providing responses to Plaintiff's First Request for Admissions subject to these general objections and to the specific objections below.  The voluntary or inadvertent disclosure or production of privileged information shall not constitute a waiver by Defendants of any privilege with respect to the information provided or with respect to any other information.  Further, all information disclosed or produced by Defendants, including this document and any privileged information, is produced with the understanding that the contents shall be disclosed only as necessary for the prosecution of this litigation.

7.    Defendants further state that these responses are based on information currently available to them and their counsel and that their investigation regarding this case is on-going.   Defendants reserve the right to supplement their responses as additional information becomes available.

## REQUESTS

**Request to Admit No. 1:**

The job description as set forth in "Exhibit A" is the same for all Store Human Resources Managers at Lowe's Home Centers, Inc. and Lowe's HIW, Inc. in the United States of America.  (*See Attached Job Description- Exhibit A*)

**Response to Request No. 1:**

Admitted

**Request to Admit No. 2:**

The job description as set forth in "Exhibit B" is the same for all Store Human Resources Managers at Lowe's Home Centers, Inc. and Lowe's HIW, Inc. in the United States of America.  (*See Attached Job Description- Exhibit B*)

**Response to Request No. 2:**

Admitted

**Request to Admit No. 3:**

The job description for the Store Human Resources Manager position for Lowe's Home Centers, Inc. and Lowe's HIW, Inc. is the same in all stores in the United States of America.

**Response to Request No. 3:**

Admitted

Dated this 7th day of October, 2013.

Respectfully submitted,

HUNTON & WILLIAMS LLP
*Counsel for Defendant*
Sabadell Financial Center
1111 Brickell Avenue, Suite 2500
Miami, Florida  33131
Tel:  (305) 810-2500
Fax: (305) 810-2460

By: *Juan C. Enjamio*
    Juan C. Enjamio
    Trial Counsel
      Florida Bar No. 571910
      *jenjamio@hunton.com*
    Jennifer D. Ellis
      Florida Bar No. 0016511
      *jellis@hunton.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of October, 2013, the foregoing was served via email and U.S. Mail to: Mitchell L. Feldman, Esq., Feldman Morgado P.A., 501 North Reo Street, Tampa, Florida 33609.

By: *Juan C. Enjamio for*
    For Hunton & Williams LLP

4