UNITED STATES DISTRICT COURT
FOR THE WESTERN  DISTRICT OF NEW YORK
BUFFALO DIVISION

CYNTHIA AUGUSTYNIAK & DENISE
GIAMBRONE, on behalf of themselves
and all others similarly situated,

     Plaintiff

v.                                                                    Case No.: 1:14-CV-00488-RJA

LOWE'S HOME CENTER, LLC.;
LOWE'S HOME CENTERS, INC.;
LOWE'S COMPANIES, INC.; and
LOWE'S HIW, INC.,

     Defendants.
_____/

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs, Cynthia Augustyniak and Denise Giambrone, individually and on behalf of all others similarly situated, move this Court for leave to amend their Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.  In support of their motion, Plaintiffs incorporate the following memorandum of law.

### I.     Relevant Factual Background

Plaintiffs filed the operative Complaint in the Supreme Court of the State of New York, County of Erie, on or about April 18, 2014.  This class action complaint contains one count against Defendants for violations of New York Labor Law and one count for common law unjust enrichment.  Defendants were served with process on or around May 22, 2014.  On or about June 20, 2014, Defendants removed the

Feldman Morgado, PA | 501 North Reo Street | Tampa | Florida | 33609 | PH (813) 639-9366

case to the United States District Court for the Western District of New York, Buffalo Division.

The Parties have participated in extensive settlement negotiations, but have been unable to come to a mutual agreement for early resolution of the case. Given these negotiations and unopposed extension of times to response, Defendants have not filed an Answer or any responsive pleading to the operative complaint.

Plaintiffs have determined that an amended pleading is necessary. In sum, they ask leave to add a named Plaintiff (Julie Glover), add an additional count against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 216 (the "FLSA"), and ultimately seek collective class certification on the additional alleged FLSA violations. An unsigned copy of the Plaintiffs' proposed Amended Complaint is attached as "Exhibit A."

## II.    Argument

Rule 15(a)(2) allows a party to amend its pleading with either the opposing party's written consent or leave of court. As explained by the Rule itself, a "court should freely give leave when justice so requires." The United States Supreme Court has stated that Rule 15(a)'s declaration that leave to amend "shall be freely given when justice so requires" is a mandate that is to be heeded. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the instant case, justice so requires leave to amend for many reasons. Plaintiffs seek to amend the operative Complaint so as to conform the Complaint to the information and facts obtained from the putative class members and opt in

plaintiffs, and to add a Collective Action claim for violations of the FLSA.  Doing so ensures that the interrelated operative facts, issues, claims, and defenses are in a single lawsuit before the Court, as opposed to piecemeal litigation that would be a waste of resources for both Parties and the Court.  Simply stating an alternative theory of recovery is not grounds to deny leave to amend a complaint.  *See Foman*, 371 U.S. at 182 (error to deny amendment of complaint where alternative recovery theories would be stated).

There would be no prejudice to Defendants by allowing this leave to amend. As explained above, Defendants have not filed any responsive pleadings.  There has also not been written or deposition discovery yet in this action.  Said differently, Defendants will have a full opportunity to investigate and conduct discovery as to all of Plaintiffs' claims.

Plaintiffs' Motion is made in good faith and not with any dilatory motive. Defendants have been on notice of the Plaintiffs' claims since they were served with the Class Action Complaint and the proposed amendments would both clarify and simplify this action, and would properly classify the FLSA count as a collective action.  Additionally, aside from adding a separate motion to certify Plaintiffs' non-FLSA claim under Rule 23, the amended complaint makes few (if any) substantive changes regarding the character or nature of Defendants' case and the claims arise from the same factual allegations already stated.  Said differently, the lack of undue or unfair surprise or prejudice to the Defendants supports granting leave to amend. *See Taylor v. Florida State Fair Authority*, 875 F.Supp. 813, 815 (M.D. Fla. 1995).

Feldman Morgado, PA | 140 Broadway | New York | New York | 10005 | PH (212) 355-3555

Accordingly, Plaintiffs' Motion for Leave to Amend the Collective Action Complaint should be granted.  To the extent that Defendants request additional time to answer the Amended Complaint, Plaintiffs do not object.

**WHEREFORE**, Plaintiffs, Cynthia Augustyniak and Denise Giambrone, individually and on behalf of all others similarly situated, respectfully request that this Honorable Court grant Plaintiffs' Motion for Leave to File Amended Complaint.

Dated this 2nd day of October, 2014.

Respectfully Submitted,

*/s/ Dale Morgado*_____
Dale Morgado, Esq.
NY Bar No:  5225834
Feldman Morgado PA
140 Broadway, 46th Floor
New York, New York 10005
(t) 212-355-3555
Email:dmorgado@ffmlawgroup.com

## CERTIFICATE OF GOOD FAITH CONFERRAL

I hereby certify that I conferred with counsel for the Defendants, and they have indicated they will not file any oppositions to this motion.

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was filed electronically on October 2, 2014.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Dale Morgado*
DALE MORGADO, ESQUIRE
NY Bar No:  5225834

Feldman Morgado, PA | 140 Broadway | New York | New York | 10005 | PH (212) 355-3555