UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

CYNTHIA AUGUSTYNIAK, DENISE
GIAMBRONE, & JULIE GLOVER, on behalf
of themselves and all others similarly situated,                          **DECISION AND**
                                                                          **ORDER**
                                        Plaintiffs,

v.                                                                        14-CV-00488-JJM

LOWE'S HOME CENTER, LLC,;
LOWE'S HOME CENTERS, INC.;
LOWE'S COMPANIES, INC.; and
LOWE'S HIW, INC.,
                                        Defendants.
───────────────────────────────

## INTRODUCTION

The parties have consented to proceed before a Magistrate Judge pursuant to 28

U.S.C. §636(c) [47].[1]  Plaintiff Julie Glover, employed by defendants (collectively "Lowe's") as

a Human Resources Manager ("HRM"), seeks recovery on behalf of herself and all others

similarly situated, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), claiming

that she was "misclassified . . . as [a] salaried, exempt employee[ ] for the purpose of avoiding

the overtime pay provision of the FLSA".  Amended Complaint [25], ¶77.

Before me is plaintiff Glover's "Motion for Conditional Certification of

Collective Class and Issuance of Notice" (the "Certification Motion") [61].  Oral argument was

held on August 5, 2015 [80]. For the following reasons, the Certification Motion is denied.

───────────────────────

[1]        Bracketed references are to CM/ECF docket entries.

**BACKGROUND**

Counsel for the parties to this action were previously involved in another FLSA action against Lowe's in the United States District Court for the Middle District of Florida commenced by another HRM, Lizeth Lytle, on behalf of herself and others similarly situated (Case No. 8:12-cv-1848-T-33TBM) (the "Lytle action"), which they describe as "parallel and virtually identical" to this case.  Joint Motion for Approval of Settlement Agreement and Certification of an FLSA Collective Action for Settlement Purposes ("Joint Motion") [42],      p. 11.

By Decision and Order dated May 1, 2015 [50], I denied the Joint Motion for several reasons, many of which are directly relevant to the pending motion. While plaintiff's attorney virtually ignores the statements which he (and defense counsel) made in the Joint Motion, I cannot.  *See* Reinschmidt v. Exigence LLC (Del.), 2014 WL 2047700, *3 (W.D.N.Y. 2014) ("a litigant may not . . . simply ignor[e] the effect of a prior filed document"); Joe Hand Promotions, Inc. v. Talayarathe, 2012 WL 1815622, *5 (N.D.Cal. 2012) ("in our legal system, words have consequences. Rule 11 embodies this principle in literal fashion, by attaching consequences to an attorney's signature.  [Counsel] signed the documents in this case, and in doing so he certified their contents.  Now he must stand by his words").

**ANALYSIS**

"Although they are not required to do so by [the] FLSA, district courts have discretion . . . [to] facilitate[e] notice to potential plaintiffs of the pendency of [an FLSA] action and of their opportunity to opt-in as represented plaintiffs." Myers v. Hertz Corp., 624 F.3d

537, 554 (2d Cir. 2010). "In determining whether to exercise this discretion in an appropriate

case, the district courts of this Circuit appear to have coalesced around a two-step method . . . .

The first step involves the court making an initial determination to send notice to potential opt-in

plaintiffs who may be similarly situated to the named plaintiffs with respect to whether a FLSA

violation has occurred . . . . The court may send this notice after plaintiffs make a *modest factual

showing* that they and potential opt-in plaintiffs together were victims of a common policy or

plan that violated the law." Id. at 555 (emphasis added). "The first of these steps is typically

referred to as conditional certification." Acevedo v. WorkFit Medical LLC, 2014 WL 4659366,

*2 (W.D.N.Y. 2014) (Wolford, J.).[2]

   While the factual showing required for conditional certification may be "modest",

it "must still be based on some substance". Reyes v. Nidaja, LLC, 2015 WL 4622587,

**1-2 (S.D.N.Y. 2015). It "cannot be satisfied simply by unsupported assertions". McGlone v.

Contract Callers, Inc., 867 F.Supp.2d 438, 443 (S.D.N.Y.2012); Myers, 624 F.3d at 555.

Instead, the named plaintiff "must provide some actual *evidence* of a factual nexus between him

and the rest of the class he seeks to represent . . . . [M]ere allegations in the complaint are not

sufficient." Reyes, *2 (emphasis added).

   "[T]he proper inquiry during conditional certification is whether the named

plaintiffs and the other potential members of the proposed collective action are similarly situated

---

[2]  "At the second stage, the district court will, on a fuller record, determine . . . whether the
plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs. The action may be
'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed
without prejudice." Myers, 624 F.3d at 555.

with respect to their allegations that the law has been violated." Certification Motion [61], p. 31. In this case, Lowe's alleges that "Plaintiffs were exempt from the provisions of the . . . FLSA pursuant to 29 U.S.C. §213, 29 C.F.R. §541.100, and 29 C.F.R. §541.200, including the administrative and executive exemptions". Lowe's Answer to Amended Complaint [31], p. 14, ¶10.

Plaintiff argues that "[m]isclassification claims are eminently susceptible to collective proof where . . . the facts relevant to the exemption at issue are common to all class members." Plaintiff's Reply Memorandum of Law [77], p. 8. Therefore, "the relevant question is whether the members of the class are sufficiently similar *in the essential criteria needed to uphold or reject the exemptions*, thereby warranting collective treatment." Certification Motion [61], p. 30 (emphasis added). In that regard, plaintiff admits that " the critical dispositive issue . . . [is] the degree of discretion and judgment [the HRMs] exercised." Joint Motion [42], p. 17. "[T]he main issue in this case is whether HRMs exercised independent judgment and discretion on matters of significance . . . . The employee does not have to make final decisions on such matters to be exempt. Merely having influence, including making recommendations that are taken into consideration by the ultimate decision maker, suffices to meet the exemption." Id., pp. 15-16.

Plaintiff agrees that in deciding this motion, I "can consider . . . evidence and discovery" from the Lytle action (Certification Motion [61], p. 12), since Lytle involved "the same issue and . . . the same group or class of employees" as in this case. Id., p. 44. In Lytle, "[m]any of the opt-in plaintiffs testified that they . . . participated in significant decisions at their stores, especially with respect to hiring. Many of the HRMs explained . . . that they had fifty

-4-

percent input into all final hiring decisions at their stores.  Many also testified that they led their store's recruiting efforts, were involved in disciplinary decisions, and counseled employees on work-related issues."  Joint Motion [42], pp. 2-3.  "[N]umerous HRMs . . . testified in the *Lytle* Lawsuit that they made significant decisions, having influence into almost all final decisions at their stores."  Id., p. 15.  The "discrepancy among HRMs [in Lytle] on the . . . degree of discretion and judgment they exercised" (id., pp. 16-17) led plaintiff's counsel to conclude that "it is likely that this case, even if the case is conditionally certified . . . would be decertified as a collective action."  Id.

That "discrepancy among HRMs" is heightened by the fact that "[f]or almost one year now . . . HRMs at Lowe's have worked under a revised job description, one *that clearly meets the requirements of the administrative exemption*.  Other changes adopted at Lowe's in the last few years have also ensured that HRMs exercise more independent judgment and discretion."  Id., pp. 14-15 (emphasis added).

Not only does plaintiff fail to make a "modest showing" that members of the proposed class are similarly situated with respect to violations of the FLSA, she  makes *no* showing that *she* is similarly situated to any of them with respect to such violations.  The only submissions specifically relating to her are the Amended Complaint [25] and her Consent to join this action ([19-1], pp. 11-12 of 32), neither of which are in proper evidentiary form.  *See* Reyes, McGlone, *supra*.[3]

---

[3]     Ironically, however, plaintiff submits the Declaration of named plaintiff Denise Giambrone ([62-2], pp. 59-64 of 112), who has never asserted an FLSA claim because her ability to do so would be time barred. Decision and Order [50], p. 2.

Case 1:14-cv-00488-JJM   Document 84   Filed 08/20/15   Page 6 of 7


Lowe's argues that "[b]ased on the bulk of extensive discovery conducted and concluded in the 'identical' Lytle matter, the Court should apply a heightened standard to Plaintiff's motion here and deny conditional certification of a collective action".  Lowe's' Response [73], p. 9.  However, I need not decide whether a 'heightened standard" should apply, since I conclude that plaintiff has failed to make even the "modest showing" required for pre-discovery conditional certification.  *See* Glatt v. Fox Searchlight Pictures, Inc., 791 F.3d 376, 387 -88 (2d Cir. 2015) ("We certified for immediate review the question of whether a higher standard, urged by defendants, applies to motions to conditionally certify an FLSA collective made after discovery.  We do not need to decide that question, however, because the plaintiffs in [the] proposed collective are not similarly situated even under the minimal pre-discovery standard").

## CONCLUSION

For these reasons, the Certification Motion [61] is denied.  A conference will be held on September 2, 2015 at 10:00 a.m. to discuss further  proceedings, including the status of the additional individuals who have already  filed opt-in notices.[4]  Counsel may participate by telephone upon advance notice to chambers.

---

[4]      "[N]othing . . . prevents plaintiffs from opting in to the action by filing consents with the district court, even when the notice . . . has not been sent, so long as such plaintiffs are similarly situated to the named individual plaintiff who brought the action." Myers, 624 F.3d at 555 n. 10.

**SO ORDERED**.

Dated:   August 20, 2015

/s/ Jeremiah J. McCarthy
Jeremiah J. McCarthy
United States Magistrate Judge