IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

| | |
|---|---|
| CYNTHIA AUGUSTYNIAK, DENISE GIAMBRONE, & JULIE GLOVER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>LOWE'S HOME CENTERS, LLC; LOWE'S HOME CENTERS, INC.; LOWE'S COMPANIES, INC.; and LOWE'S HIW, INC.<br><br>Defendants. | Case No. 1:14-cv-00488-RJA |

### DEFENDANTS' PROPOSAL REGARDING INDIVIDUALS WHO FILED CONSENTS TO JOIN LAWSUIT

Defendants Lowe's Home Centers LLC et al., through undersigned counsel, file the following proposal pursuant to the Court's Order on Motion for Reconsideration (ECF No. 87):

The Court has asked the parties to provide their respective proposals about the status of the fifty-six individuals who have filed consents to join this lawsuit.[1] Lowe's believes that the proper procedural disposition is to dismiss the opt-ins' claims without prejudice, allowing them to file individual actions, if they choose, in an appropriate venue. In this memorandum, Lowe's first explains why joinder of the opt-ins' claims in this action is procedurally improper. In that section, Lowe's provides numerous cases where courts have held that joinder is improper in almost identical circumstances. In

---

[1] For purposes of brevity, Lowe's will refer to the fifty-six individuals who have filed consents to join this lawsuit as the "opt-ins." In doing so, Lowe's is not admitting or implying in any way that these individuals have the right to opt-in to or otherwise join this lawsuit.

the second section, Lowe's explains why dismissal without prejudice is the proper disposition of the opt-ins' claims before this Court.

    A.    <u>The opt-ins' claims fail to meet the standard for joinder under Rule 20(a)(1)</u>

The joinder of parties as plaintiffs in a lawsuit is governed by Rules 20 and 21 of the Federal Rules of Civil Procedure. To join additional plaintiffs to an action pursuant to Rule 20(a)(1), Plaintiffs must establish that: (1) he or she asserts any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) questions of law or fact common to all plaintiffs will arise in the action. *Botero v. Commonwealth Limousine Serv.*, 302 F.R.D. 285, 286 (D. Mass. 2014) (denying request for potential opt-ins to join lawsuit after denying certification of FLSA collective action). Both of the above-cited requirements must be met for the parties to be properly joined. *Adams v. Big Lots Stores, Inc.*, 2009 U.S. Dist. LEXIS 68927, *7 (E.D. La. July 16, 2009) (holding that the plaintiffs' claims did not arise out of the "same transaction or occurrence" for purposes of Fed. R. Civ. P. 20(a)(1) since "the exempt or nonexempt status of any particular employee is determined on the basis of whether the employee's salary and duties meet the requirements of the FLSA's regulations."). Further, even if Plaintiffs satisfy the requirements outlined in Fed. R. Civ. P. 20(a)(1), district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (establishing that district courts have considerable discretion to deny joinder when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiffs' claims.).

Plaintiffs' claims fail the "same transaction or occurrence" analysis, which is a necessary element to warrant joinder under Rule 20(a)(1). To satisfy Rule 20's "same transaction or occurrence" requirement, Plaintiffs must establish "substantial evidentiary overlap" in the facts giving rise to the cause of action against Lowe's. *Botero*, 302 F.R.D. at 286. Thus, joinder is not warranted simply because Lowe's allegedly "committed the exact same violation of the law in exactly the same way." *Id*. at 287. Indeed, courts have consistently held that the Section 216(b) FLSA conditional certification standard is more lenient than the standard for joinder under Rule 20. *Id*.; *see also Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996) (providing that "…section 216(b)'s 'similarly situated' requirement is less stringent than that for joinder under Rule 20(a)…"); *Flavel v. Svedala Indus.*, 875 F.Supp. 550, 553 (E.D. Wis. 1994) (expressing that the "similarly situated" requirement pursuant to section 216(b) is less stringent than the "same transaction or occurrence" requirement found in Fed. R. Civ. P. 20(a)).

In *Botero*, for example, a plaintiff filed an FLSA collective action on behalf of himself and other similarly-situated employees, alleging that defendants violated the FLSA "through their failure to compensate chauffeurs properly." *Botero*, 302 F.R.D. at 286. In denying plaintiffs' renewed motion for conditional certification of a collective action, the court found that the putative class members were not similarly situated in the FLSA context because the inquiry into whether defendants failed to compensate each plaintiff in accordance with the FLSA would be "fact-intensive and not susceptible to common, class-wide analysis." *Id*. After the court denied conditional certification, several individuals filed "opt-in" notices pursuant to 29 U.S.C. §216(b). *Id*.

3

These individuals had already filed notices of consent to join the action, but were not currently part of the case since the court denied conditional certification. As a result, plaintiff moved for leave to amend the complaint to include the opt-ins as named party plaintiffs in the case under Rule 20(a)(1). *Id*. The plaintiff in *Botero* argued that all opt-ins worked, or at one time had worked, as chauffeurs for defendants, and therefore had claims for overtime compensation arising out of the defendants' same behavior. *Id*. The court, however, held that joinder under Rule 20(a)(1) was unwarranted for substantially the same reasons it denied conditional certification of the FLSA collective action. *Id*. at 287. The court explained that it had previously held that plaintiffs were not similarly situated in the context of the FLSA because "the circumstances surrounding each instance of [the] alleged non-payment of overtime were different[,] and not the result of a single decision, policy, or plan that violated the law." *Id*. The court further noted that the would-be class members had sufficiently particularized experiences that required a "fact-intensive inquiry" to be considered on a "case-by-case basis." *Id*. Thus, the court reasoned that "it can be hardly said that the factual scenarios of the 14 opt-ins [stemmed] from the same transaction or occurrence or share an aggregate of operative facts." *Id*. For this reason, it denied the attempt to join the potential opt-ins as plaintiffs. *Id*.

Following the holding and rationale of *Botero*, joinder in this case is unwarranted for substantially the same reasons this Court denied Plaintiffs' motion for conditional certification under the FLSA. To determine whether each HRM is properly classified as "exempt" under the FLSA would require a "fact intensive inquiry to be considered on a case-by-case basis." *Id*. The opt-ins' job title alone is insufficient to establish their exemption status. *Adams*, 2009 U.S. Dist. LEXIS 68927 at *9. Therefore, each

Plaintiff's day-to-day activities, not simply Lowe's decision to classify all HRMs as exempt, must be examined to determine whether they are misclassified. *Id.* Plaintiffs worked at different stores, in different states, with different store managers. Although there may be some overlap, each opt-in's claim would require witnesses and evidence specific to that individual's work experience as a Lowe's HRM. *Id.* at 10. That is particularly the case since, as Plaintiff admitted and this Court already concluded, the opt-ins' duties changed during their tenure at Lowe's. (ECF No. 84 at pp. 5-6). As the court in *Botero* expressed, allowing the named Plaintiffs to amend their complaint and convert the opt-ins into party plaintiffs would create the same unmanageable situation that this Court sought to avoid in denying conditional certification. *Botero*, 302 F.R.D. at 287. Therefore, because there is no finding of "substantial evidentiary overlap in the facts giving rise to the cause of action" against Lowe's, the opt-in Plaintiffs' claims do not arise out of the "same transaction or occurrence" sufficiently to warrant joinder of their claims with the named Plaintiffs in accordance with Rule 20(a)(1).

B.  <u>The claims of the opt-in plaintiffs should be dismissed without prejudice</u>

Where the plaintiffs to an FLSA collective action have failed to establish that they are sufficiently similarly-situated to the proposed putative class members, courts within this district have dismissed the opt-in plaintiffs' claims without prejudice, allowing the class representatives to proceed to trial on their individual claims. *Tracy v. NVR, Inc.*, 293 F.R.D. 395 (W.D.N.Y. 2013) (dismissing the opt-in plaintiffs' claims without prejudice after discovery revealed that they were not similarly-situated to the named plaintiff); *Hinterberger v. Catholic Health Sys.*, 299 F.R.D. 22 (W.D.N.Y. 2014) (dismissing the opt-in plaintiffs' claims without prejudice and proceeding with the

individual claims of the named plaintiffs after discovery revealed that the opt-in plaintiffs were not similarly-situated to the named plaintiffs).

Typically, the dismissal of the opt-in plaintiffs' claims without prejudice occurs at the second stage of the FLSA similarly-situated analysis, after the completion of discovery. *Id.* at *54. However, "once the possibility of class certification passes—either because the class is decertified or because a motion for conditional certification is denied with prejudice—opt-in plaintiffs' [claims] are dismissed without prejudice." *McGlathery v. Lincare*, Inc., 2014 U.S. Dist. LEXIS 46106, *10 (M.D. Fla. Apr. 3, 2014) (dismissing the claims of the opt-in plaintiffs without prejudice after a finding that class certification was no longer possible).

In this case, the Court has already denied conditional certification and Plaintiff's motion for reconsideration. The possibility of certification has, therefore, effectively passed. In such circumstances, courts have consistently dismissed the claims of all of the non-representative plaintiffs (of all individuals who have filed consents to join the lawsuit), allowing them to file their individual claims in the proper venue. As the Court in *England v. New Century Fin. Corp.* expressed, "[t]hese claims should be tried as individual cases because each has unique facts based on local conditions in different localities...." 370 F. Supp.2d 504, 511 (M.D. La. 2005) (dismissing the claims of the opt-in plaintiffs without prejudice after denial of FLSA conditional certification); *see also Tracy*, 293 F.R.D. at *401 (dismissing the opt-in plaintiffs' claims without prejudice after a finding that the proposed class was not similarly situated); *Hinterberger*, 299 F.R.D. at *56 (dismissing the claims of the opt-in plaintiffs without prejudice after denial of collective action certification); *Odem v. Centex Homes*, 2010 U.S. Dist. LEXIS 9496, *5 (N.D. Tex. Feb. 4, 2010) (affirming the magistrate judge's order dismissing the

claims of the opt-in plaintiffs after a finding that the plaintiff was not similarly situated to the proposed class).

Dismissing the opt-in claims without prejudice protects their right to file individual claims, if they choose, while allowing this Court to litigate only those claims that are properly brought in this District. To do otherwise—to litigate the opt-ins' claims in this District—would defeat the rationale underlying the denial of conditional certification and circumvent the grounds for joinder under Rule 20. The opt-ins worked under different circumstances, performed evolving and changing responsibilities, and reported to different supervisors. Allowing them to litigate their claims in this Court would require numerous mini-trials with witnesses from as far as California. As courts have consistently held, when a case is not certified as a collective action, potential plaintiffs from outside the forum should be dismissed without prejudice, and should litigate their FLSA claims in an appropriate venue. That is what should happen here.

Respectfully submitted on this 18th day of September, 2015.

HUNTON & WILLIAMS LLP

By: */s/ Juan C. Enjamio*
    Shawn Patrick Regan
    200 Park Avenue, 52nd Floor
    New York, New York 10166
    (212) 309-1000
    sregan@hunton.com
    *– and –*
Juan C. Enjamio (admitted *pro hac vice*)
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
jenjamio@hunton.com

*Attorneys for Defendants*
*LOWE'S HOME CENTERS, LLC;*
*LOWE'S HOME CENTERS, INC.;*
*LOWE'S COMPANIES, INC.; and*
*LOWE'S HIW, INC.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via ECF on the following counsel of record:

Dale James Morgado
FELDMAN MORGADO PA
14 Wall Street
20th Floor, Suite 2040
New York, N.Y. 10005
dmorgado@ffmlawgroup.com

100 N. Biscayne Boulevard
29th Floor, Suite 2902
Miami, FL 33132

Mitchell L. Feldman
FELDMAN MORGADO PA
1517 N. Westshore Boulevard
Suite 400
Tampa, FL 33607
mfeldman@ffmlawgroup.com

DATED: September 18, 2015

By: */s/ Juan C. Enjamio*
For Hunton & Williams LLP