UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
―――――――――――――――――――――

CYNTHIA AUGUSTYNIAK, DENISE
GIAMBRONE, & JULIE GLOVER, on behalf
of themselves and all others similarly situated,

                      Plaintiffs,

v.

LOWE'S HOME CENTER, LLC,;
LOWE'S HOME CENTERS, INC.;
LOWE'S COMPANIES, INC.; and
LOWE'S HIW, INC.,
                      Defendants.

―――――――――――――――――――――

**DECISION AND
ORDER**

**14-CV-00488-JJM**

## INTRODUCTION

The parties have consented to proceed before a Magistrate Judge pursuant to 28
U.S.C. §636(c) [47].[1] Before me is plaintiffs' "Motion for Reconsideration and Leave to File
Second Amended Complaint or, in the Alternative, Motion for Leave to Join Opt-In Plaintiffs,
Pursuant to [Fed. R. Civ. P.] Rule 20" [91]. Oral argument was held on November 9, 2015 [98].

Familiarity with the relevant facts is presumed. For the following reasons, the
Motion is granted to the extent that it seeks reconsideration and, upon reconsideration, the
dismissal of the opt-in plaintiffs' claims is rescinded, subject to further proceedings.

## ANALYSIS

Although rarely invoked, reconsideration is appropriate in order "to correct a clear
error or prevent manifest injustice". Virgin Atlantic Airways, Ltd. v. National Mediation Board,

―――――――――――――――――

[1]      Bracketed references are to CM/ECF docket entries.

956 F.2d 1245, 1255 (2d Cir.), cert. denied, 506 U.S. 816, 820 (1992).  Upon further reflection, I now believe that my September 22, 2015 Text Order [90] dismissing the claims of the opt-in plaintiffs was clearly erroneous, since defendants had not yet moved to dismiss those claims.

My August 20, 2015 Decision and Order [84] denied plaintiff Julie Glover's motion for conditional certification of a nationwide FLSA class [61]. That Decision and Order did not dismiss the claims of the opt-in plaintiffs - instead, it scheduled a conference to discuss their status. [84], p. 6. In moving for reconsideration of that Decision and Order,  plaintiff Glover argued that "when the Court reexamines the evidence it will agree that conditional certification should be granted". Motion for Reconsideration [85], p. 11. My September 2, 2015 Text Order  [87] denying that Motion related only to the request for conditional certification, not to the status of the opt-in plaintiffs.

In that Text Order, I directed the parties to provide me by September 18, 2015 "with proposals (individually or jointly) for addressing the remaining claims in this case". While defendants timely submitted a Proposal [88] suggesting that "the proper procedural disposition is to dismiss the opt-ins' claims without prejudice, allowing them to file individual actions, if they choose, in an appropriate venue" (id., p. 1), plaintiffs did not submit a proposal by the September 18 deadline, and their explanation for failing to do so ([91], ¶¶7-10) is not particularly persuasive.

Nevertheless, the fact remains that defendants' Proposal [88] was not a formal motion to dismiss the opt-ins' claims, nor did my September 2, 2015 Text Order [87] indicate that the September 22, 2015 conference would be for oral argument of a motion to dismiss those claims. Therefore, "[d]ismissing this case without giving the Plaintiff[s] notice and an

opportunity to be heard would offend due process". <u>Long v. Parry</u>, 304 F.R.D. 463, 465 (D. Vt. 2015).

In denying plaintiff Glover's motion for conditional certification of a nationwide FLSA class, I did not decide whether any particular opt-in plaintiff was similarly situated to plaintiff Glover – I decided only that the proposed *class* was not similarly situated. Therefore, my denial of the motion for conditional certification does not necessarily mean that the FLSA claims of the opt-in plaintiffs must likewise be dismissed. "[W]hile courts speak of 'certifying' a FLSA collective action, it is important to stress that the 'certification' we refer to here is only the district court's exercise of the discretionary power . . . to facilitate the sending of notice to potential class members. Section 216(b) does not by its terms require any such device, and nothing in the text of the statute prevents plaintiffs from opting in to the action by filing consents with the district court, even when the notice . . . has not been sent, so long as such plaintiffs are 'similarly situated' to the named individual plaintiff who brought the action . . . . Thus 'certification' is neither necessary nor sufficient for the existence of a representative action under FLSA." <u>Myers v. Hertz Corp.</u>, 624 F.3d 537, 555 n. 10 (2d Cir. 2010), <u>cert. denied</u>, 132 S.Ct. 368 (2011).

"In other words, the filing of a consent by a similarly situated employee is, by itself, sufficient to join an FLSA action . . . . [A] motion for conditional certification need not be pending in order for a plaintiff to opt in . . . . The Court is aware of no authority for the proposition that a plaintiff opts into an FLSA action only if he is named in an amended complaint." <u>Gonyer v. Vane Line Bunkering, Inc.</u>, 32 F. Supp.3d 514, 516, 517 (S.D.N.Y. 2014).

However, in order to remain in this action, each of the opt-in plaintiffs must demonstrate that he or she is similarly situated to plaintiff Julie Glover (the only named plaintiff alleging an FLSA claim). While it appears that they will face an uphill battle (for the reasons discussed in my August 20, 2015 Decision and Order [84]), the precise question is not yet before me. By December 30, 2015 the parties shall submit a joint or separate proposals for addressing that question, to be further discussed at our conference scheduled for January 5, 2016 at 3:00 p.m. [99]. Plaintiffs' failure to timely file that submission shall result in the dismissal of the opt-in plaintiffs' claims, without prejudice to reassertion in separate actions.

## CONCLUSION

For these reasons, plaintiffs' Motion [91] is granted to the extent that it seeks reconsideration and, upon reconsideration, the dismissal of the opt-in plaintiffs' claims is rescinded, subject to further proceedings.[2]

**SO ORDERED**.

Dated:   December 16, 2015

/s/ Jeremiah J. McCarthy
Jeremiah J. McCarthy
United States Magistrate Judge

---

[2]      In view of this decision, plaintiffs' alternative request for leave to join this action pursuant to Rule 20 is denied as moot. In any event, if they cannot demonstrate that they are similarly situated to plaintiff Glover for purposes of 29 U.S.C. §219(b), then by definition they will be unable to satisfy the more stringent requirements of Rule 20. *See* Grayson v. K Mart Corp., 79 F.3d 1086, 1095 (11th Cir.), cert. denied, 519 U.S. 982,987 (1996) ("the 'similarly situated' requirement of §216(b) is . . . less stringent than the requirements found in Rule 20"); Flavel v. Svedala Industries, Inc., 875 F. Supp. 550, 553 (E.D. Wis. 1994) ("The 'similarly situated' requirement . . . is considerably less stringent than . . . the Rule 20(a) requirement that claims 'arise out of the same action or occurrence'").