**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION**

| | |
|---|---|
| CYNTHIA AUGUSTYNIAK, DENISE GIAMBRONE, & JULIE GLOVER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> LOWE'S HOME CENTERS, LLC; LOWE'S HOME CENTERS, INC.; LOWE'S COMPANIES, INC.; and LOWE'S HIW, INC. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 1:14-cv-00488-RJA |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM REGARDING
PROCEDURE FOR DETERMINING THE STATUS OF THE OPT-INS**

Defendants, Lowe's Home Centers, LLC, et al. ("Lowe's"), submit this supplemental brief as discussed at the January 5, 2015 conference and in the subsequent order [ECF No. 107].

As confirmed at the January 5th conference, the Court has unequivocally denied Plaintiff's motion to conditionally certify a nationwide class of all individuals who have worked for Lowe's as Human Resources Managers, anywhere in the country, since April 18, 2011. The Court ruled that "[n]ot only does plaintiff fail to make a 'modest showing' that members of the proposed class are similarly situated with respect to violations of the FLSA, she makes no showing that she is similarly situated to any of them with respect to such violations." [ECF No. 84 at 5] Consequently, this lawsuit can no longer be considered a representative action.

1

The Court has not, however, unequivocally determined the status of the 53 HRMs who filed consents to opt into this case before the denial of conditional certification. Lowe's contends that the proper procedural disposition is to dismiss the opt-ins' claims without prejudice, allowing them to file individual actions, if they choose, in an appropriate venue. Plaintiff believes the opt-ins "should be able to proceed to discovery without any further showing that [they] are similarly situated to Plaintiff Glover." [ECF No. 104]

The Court has instructed the parties to address (1) whether the Fed. R. Civ. P. 20 joinder standard or the similarly situated standard of 29 U.S.C. Section 216(b) applies to the determination of whether they should be dismissed; and (2) whether the opt-in plaintiffs are entitled to discovery at this time to attempt to meet either standard.

A.

Appropriate Standard

In light of the Court's denial of the motion for conditional certification, Lowe's maintains that to remain in the case the opt-ins must satisfy the standard for joinder, governed by Rules 20 and 21 of the Federal Rules of Civil Procedure. Meeting that standard requires a plaintiff to establish that: (1) he or she asserts any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) questions of law or fact common to all plaintiffs will arise in the action. *Botero v. Commonwealth Limousine Serv.*, 302 F.R.D. 285, 286 (D. Mass. 2014) (denying request for potential opt-ins to join lawsuit after denying certification of FLSA collective action).

The Court has indicated that it views *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010) as requiring that the opt-ins merely be "similarly situated" to Plaintiff in

order to remain in the case. Lowe's respectfully disagrees. *Myers* does not address the issue before this Court. Instead, *Myers* describes the procedure to maintain a *representative collective action* under Section 216(b). It first describes the two-step analysis courts typically follow to decide whether to certify a collective action, that is, first analyzing conditional certification under a low standard and later analyzing possible decertification under a higher standard. *Id*. *Myers* then explains that notice is not required for an individual to join a *representative* action under Section 216(b) of the FLSA:

> Indeed, while courts speak of "certifying" a FLSA collective action, it is important to stress that the "certification" we refer to here is only the district court's exercise of the discretionary power, upheld in *Hoffmann–La Roche*, to facilitate the sending of notice to potential class members. Section 216(b) does not by its terms require any such device, and nothing in the text of the statute prevents plaintiffs from opting in to the action by filing consents with the district court, even when the notice described in *Hoffmann–La Roche* has not been sent, so long as such plaintiffs are "similarly situated" to the named individual plaintiff who brought the action. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008) (noting that "certification" of a collective action is a device to facilitate notice to potential class members and does not actually "create a class of plaintiffs" for a FLSA collective action). Thus "certification" is neither necessary nor sufficient for the existence of *a representative action* under FLSA, but may be a useful "case management" tool for district courts to employ in "appropriate cases." *Hoffmann–La Roche*, 493 U.S. at 169, 174, 110 S.Ct. 482.

*Id*. at n. 10 (emphasis added).

In positing this alternative method of joining a collective action, the Second Circuit was merely clarifying that "similarly situated" individuals may opt-into a representative collective action without receiving notice. That is true in most circuits. Indeed, *Myers* cited to the Eleventh Circuit's *Morgan* decision to support this point. Lowe's has never contested this conclusion, or disputed that when a plaintiff pursues a

*representative* action, with or without the sending of notice, *Myers* requires that the "similarly situated" standard apply.

That, however, is not the issue before this Court. Plaintiff already moved for conditional certification—that is, attempted to maintain a representative collective action—of a group of HRMs that included all of the opt-ins presently before the Court. [ECF Nos. 61-70] In fact, Plaintiff filed the declarations of approximately twenty of *these opt-ins* in support of her motion for conditional certification. [ECF No. 62] The Court denied conditional certification, holding that a nationwide group of HRMs, which included all of these opt-ins, was not "similarly situated." [ECF No. 84] The issue raised by the denial is how to deal with the opt-ins who filed declarations before the denial of conditional certification.

*Myers* does not address this point at all. Rather, *Myers* holds that one or more individuals may seek to maintain a representative collective action, even without notice being approved, by showing that they are "similarly situated" to the plaintiff. That is different from stating that after the court denies conditional certification—that is, determines that the case cannot proceed as a representative collective action—each individual who was part of the potential collective action group and who had filed a consent has a further opportunity to show that he or she is similarly situated to the plaintiff. *Myers* never addresses this point, and no court has reached that conclusion.

Instead, where a court determines that that a group is not similarly situated, as this Court already did, the case is no longer a representative action, and dismissal is automatic. *See, e.g., Hinterberger v. Catholic Health Sys.,* 299 F.R.D. 22 (W.D.N.Y. 2014) (granting motion for decertification and dismissing the opt-in plaintiffs' claims without prejudice); *Tracy v. NVR, Inc.*, 293 F.R.D. 395 (W.D.N.Y. 2013) (same);

4

*Brickey v. Dogencorp, Inc.*, 272 F.R.D. 344 (W.D.N.Y. 2011) (denying conditional certification and dismissing opt-in plaintiffs); *McGlathery v. Lincare*, Inc., No. 8:13-cv-1225, 2014 WL 1338610 (M.D. Fla. Apr. 3, 2014) ("once the possibility of class certification passes—either because the class is decertified . . . or because a motion for conditional certification is denied with prejudice . . . —opt-in plaintiffs' [claims] are dismissed without prejudice."). This includes cases where, as here, a motion for conditional certification was filed and some individuals had already filed consents to join. *See, e.g., Clay v. Huntington Ingalls, Inc.*, No. CIV. 09-7625, 2012 WL 860375, at *3 (E.D. La. Mar. 13, 2012) (dismissing without prejudice claims of opt-in plaintiffs who had filed consents to join the lawsuit before the motion for conditional certification was denied); *Odem v. Centex Homes*, No. CIV.A.3:08CV1196-L, 2010 WL 424216, at *2 (N.D. Tex. Feb. 4, 2010) ("Plaintiff's Opposed Motion for Conditional Certification of an FLSA Collective Action is denied; the opt-in plaintiffs who have joined this proceeding are dismissed without prejudice from the action."). In fact, in *Brickey*, a case decided in this district after *Myers*, the court denied conditional certification of an FLSA action and allowed the case to proceed solely as to the named plaintiffs, not the opt-in plaintiffs. *Brickey*, 272 F.R.D. at 350 n.2.[1]

Once the case is no longer a representative action, by virtue of the court's determination that the proposed class is not similarly situated, the "similarly situated"

---

[1] In *Brickey*, the defendant had moved to dismiss a named plaintiff and some opt-in plaintiffs because they had not appeared for depositions. The court held that it did not have to consider this argument with respect to the opt-in plaintiffs given that it had denied certification: "Because the plaintiff's motions for class and/or collective action certification are hereby denied, the defendants' motion to dismiss non-deposed plaintiffs is moot to the extent that it concerns opt-in plaintiffs." *Brickey*, 272 F.R.D. at 350 n.2. In fact, after denying the motions for conditional certification under Rule 216(b) and a motion for class certification under Rule 23, the court ruled that the case "will therefore proceed solely on behalf of the named plaintiffs." *Id*. at 349.

standard for representative actions no longer applies.[2] At that point, if the Court further evaluates opt-ins wishing to remain in the case (a step not compelled by *Myers*), it should do so on an individual basis, i.e., under the joinder standard. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (establishing that district courts have considerable discretion to deny joinder when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiffs' claims); *Botero*, 302 F.R.D. at 286; *Adams v. Big Lots Stores, Inc.*, No. 08-4326, 2009 WL 2160430 (E.D. La. July 16, 2009) (analyzing under Rule 20 whether former opt-ins can remain plaintiffs in the same case); *see also Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 266 (D. Conn. 2012) (severing an action where allegedly misclassified employees' claims did not arise out of the same transaction or occurrence). *Myers* does not compel a different result; it simply does not speak to the situation where a court has already determined that opt-ins are not similarly situated.

Ultimately, the appropriate standard is largely immaterial because whether viewed under the joinder standard or the "similarly situated" standard, the analysis is essentially the same, with dismissal as the result. That is because the Court has already determined *under the lower standard* that a group that encompassed each of the opt-ins was not similarly situated to the Plaintiff, and there is no reason to believe (nor has Plaintiff even suggested) that the current opt-ins share some connection that separates them from the full (uncertified) class. The declarations submitted by the opt-ins

---

[2] If the Court were called upon to examine a subclass of opt-ins, the "similarly situated" standard may still apply because the Court's examination would be of a group, not individual claims. Here, however, Plaintiff has proposed no subclass. The entire group of 53 opt-ins is not a cohesive subclass: They do not come from any unified geographic area, nor did they serve as HRMs during the same portion of the proposed class period. Plaintiff has made no effort to identify any subset of opt-ins whose claims overlap in some way.

conclusively demonstrate their dissimilarity under either standard. For example, opt-in Caron declares that even though the hiring process does not call for HRMs to provide opinions as to which candidate to hire, he "generally did voice [his] recommendations to the store manager." [ECF No. 62-2 at 1, ¶ 23] Likewise, opt-in Wade "made suggestions [about which candidate to hire] on [his] portion of the interview." [ECF No. 62-2 at 7, ¶ 23] Glover, Wrench, Williams, and Tidwell, on the other hand, did not.

Most tellingly, the majority of the opt-in declarants stated that "Lowe's makes it very clear that each HRM has very little discretion to use their independent judgment in how the job duties and responsibilities are to be carried out. Lowe's stresses uniformity, and similarity in all aspects of the HRM position." (Opt-in Declarations ¶ 47[3]). Declarant Wade, on the other hand, added a note to that paragraph saying "Before they did, but not now. Different culture." [ECF No. 62-2 at 9, ¶ 47] And, as the Court is aware from the parties' joint motion for approval of settlement, during the period at issue in this lawsuit, Lowe's has changed the HRM job description and adopted other changes that have ensured that HRMs exercise more independent judgment and discretion.

The Court has already rejected the arguments that would tie all 53 unrelated opt-ins together. Whether analyzed under the more stringent joinder standard or the "similarly situated" standard, the opt-ins' claims should ultimately be dismissed without prejudice.

---

[3] "Opt-in Declarations" refers to the following declarations [ECF No. 62-1, 62-2], which have identical typed text: Babri, Brumfield, Caron, Danboise, Gooch, Paulson, Poisson, Richard, Williams, and Wrench.

B.

Discovery

Plaintiff has proposed that the determination of whether the opt-ins should remain in this case wait until the parties engage in discovery. All of the cases she has cited in support of this request fall into one of two categories: cases where a court conditionally certifies an action under Section 216(b) and is considering a motion to decertify; or cases where the court postponed making a final determination on a motion for conditional certification until later in the case, explicitly allowing the plaintiff to re-file the motion for conditional certification after discovery. Neither condition applies here. This case has never been conditionally certified. To the contrary, this Court denied the motion for conditional certification filed on behalf of a potential collective action group that included the 53 opt-ins. And, the Court's order denying conditional certification for the nationwide group never allowed or suggested that Plaintiff could re-file the motion after discovery.

Plaintiff's counsel represents all of the opt-ins. He has sufficient access to interview them, ascertain their working conditions, and submit declarations. In fact, he already submitted declarations from approximately twenty of the opt-ins in support of Plaintiff's motion for conditional certification. [ECF No. 62] He also has access to the discovery in *Lytle*, including corporate representative depositions. This is sufficient for him to make a showing, even an initial showing, as to why these 53 opt-ins are somehow "similarly situated" or have claims arising out of the "same transaction and occurrence."

Requiring Plaintiff to make a showing before the parties engage in protracted and expensive discovery across many states is especially justified given the nature and history of this case. This Court found that a nationwide group of HRMs did not even

meet the exceedingly low standard for conditional certification. The opt-ins are part of, and reflect the same characteristics as, the nationwide group of HRMs. Like the larger group, they also worked in different states (there are opt-ins from California, New York, Florida, Wisconsin, and numerous other states); reported to different store managers and area human resources managers; and worked at different times and under different job descriptions. These were factors that led this Court to deny conditional certification. Before engaging in discovery, Plaintiff should make a showing as to why these 53 opt-ins, or any subgroup of them, are somehow "similarly situated" or have claims arising out of the "same transaction or occurrence" as her. To do otherwise is to require the parties to engage in months of expensive discovery without any showing by Plaintiff that these opt-ins meet even the lowest standard for remaining in this case.

The *Myers* decision does not address the amount or nature of proof required to determine whether opt-ins should remain on this case, and no case cited by Plaintiff to date allows discovery in any analogous situation. As *Myers* explained, this Court retains a lot of discretion to manage cases under the FLSA. Regardless of the standard applied, the Court may, of course, allow some discovery if it concludes *after* the initial showing that it needs additional information to determine if the opt-ins meet the applicable standard. The history of this case, especially the fact that Plaintiff could not meet even the conditional certification standard for a group that included these opt-ins, shows that discovery is unwarranted to make this determination, or at least is premature.

## Conclusion

For the foregoing reasons, the Court should require the opt-ins to meet the standard for joinder in order to remain part of this case, and it should deny Plaintiff's request for discovery.

Respectfully submitted on this 12th day of January, 2016.

        HUNTON & WILLIAMS LLP

By: */s/ Juan C. Enjamio*
    Shawn Patrick Regan
    200 Park Avenue, 52nd Floor
    New York, New York 10166
    (212) 309-1000
    sregan@hunton.com

        *– and –*

    Juan C. Enjamio (admitted *pro hac vice)*
    1111 Brickell Avenue, Suite 2500
    Miami, Florida 33131
    jenjamio@hunton.com

    *Attorneys for Defendants*
    *LOWE'S HOME CENTERS, LLC;*
    *LOWE'S HOME CENTERS, INC.;*
    *LOWE'S COMPANIES, INC.; and*
    *LOWE'S HIW, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via ECF on the following counsel of record:

>Dale James Morgado
>FELDMAN MORGADO PA
>14 Wall Street
>20th Floor, Suite 2040
>New York, N.Y. 10005
>dmorgado@ffmlawgroup.com
>
>100 N. Biscayne Boulevard
>29th Floor, Suite 2902
>Miami, FL 33132
>
>Mitchell L. Feldman
>FELDMAN MORGADO PA
>1517 N. Westshore Boulevard
>Suite 400
>Tampa, FL 33607
>mfeldman@ffmlawgroup.com

DATED: January 12, 2016

>By: */s/ Juan C. Enjamio*
>For Hunton & Williams LLP