UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CYNTHIA AUGUSTYNIAK, DENISE
GIAMBRONE, & JULIE GLOVER, on behalf
of themselves and all others similarly situated,

                              Plaintiffs,

v.

LOWE'S HOME CENTER, LLC,
LOWE'S HOME CENTERS, INC.,
LOWE'S COMPANIES, INC., and
LOWE'S HIW, INC.,
                              Defendants.

**DECISION AND ORDER**

14-CV-00488-JJM

---

## INTRODUCTION

        I am confronted by a question which does not often arise, namely: once a court has denied a motion for conditional (rather than final) certification of a class of employees seeking overtime payments under the Fair Labor Standards Act ("FLSA") (29 U.S.C. §216(b)), how should it deal with those employees who had "opted in" to the action prior to the denial of that motion? The parties have consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. §636(c) [47],[1] and have submitted competing proposals in that regard. [88, 103, 104, 105, 108, 109].

## BACKGROUND

        Plaintiff Julie Glover, employed by defendants (collectively "Lowe's") as a Human Resources Manager ("HRM") in Mansfield, Pennsylvania, seeks FLSA recovery on behalf of herself and all other similarly situated HRMs, alleging that she was "misclassified . . .

---

[1]     Bracketed references are to CM/ECF docket entries.

as [a] salaried, exempt employee[ ] for the purpose of avoiding the overtime pay provision of the FLSA". Amended Complaint [25], ¶¶39, 77.[2] On June 30, 2015, plaintiff Glover filed a motion [61] seeking conditional certification of a nationwide class of Lowe's HRMs, and approval of the sending of notice advising those individuals of their ability to opt in to the action.

"When deciding whether to certify a class under 29 U.S.C. §216(b), district courts in the Second Circuit apply a two-step process . . . . The first step of this process, often termed conditional certification, requires plaintiffs to make only a modest factual showing that the plaintiff and potential opt-in plaintiffs together were the victims of a common policy or plan that violated the law . . . . At the second step, typically the defendant moves for decertification, and the district court will, on a fuller record, determine whether a so-called collective action may go forward by determining whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs . . . . At this second stage, the court must apply a more stringent standard of proof for determining whether plaintiffs are similarly situated for the purposes of the FLSA." Ruiz v. Citibank, N.A., 93 F. Supp. 3d 279, 297-98 (S.D.N.Y. 2015). *See also* Myers v. Hertz Corp., 625 F.3d 537, 555 (2d Cir. 2010).

By Decision and Order dated August 20, 2015 [84] I denied plaintiff Glover's motion, concluding "that plaintiff has failed to make even the 'modest showing' required for pre-discovery conditional certification" of a nationwide class of HRMs. Id., p. 6. However, before she filed the motion, over 50 individual HRMs (the "opt-in plaintiffs") from several states (including Alabama, California, Florida, Illinois, Iowa, Louisiana, Mississippi, Maryland, Massachusetts, New Hampshire, New York and Wisconsin) filed consents to opt in to this action

---

[2]      Neither of the other two named plaintiffs assert FLSA claims.

and seek FLSA relief. *See*, *e.g.*, [19, 20, 23, 27, 28, 37, 43, 46, 62-1]. My August 20 Decision and Order left open the question of how to proceed with respect to the opt-in plaintiffs.

## ANALYSIS

A.     **Does My Denial of the Motion for Conditional Certification Necessitate Dismissal of the Opt-In Plaintiffs?**

    Lowe's argues that my denial of the motion for conditional certification of the nationwide class mandates dismissal of the opt-in plaintiffs' claims, without prejudice to their assertion in separate actions. Lowe's Proposal [88], pp. 5-6. There is some authority for that position. *See*, *e.g.*, Botero v. Commonwealth Limousine Service, Inc., 302 F.R.D. 285, 286 (D. Mass. 2014) ("plaintiff maintained that the 14 'opt-ins' had already joined the case as party-plaintiffs by filing their 'Notices of Filing Consent to Sue.' The 'opt-ins' are not currently part of the case, however, because . . . the plaintiff's motion for conditional class certification under the FLSA was denied").

    However, I do not agree with that view. Since "[t]he sole consequence of conditional certification is the sending of court-approved written notice to employees", Genesis Healthcare Corp. v. Symczyk, ___U.S.___, 133 S. Ct. 1523, 1530 (2013), it follows that the sole consequence of *denying* conditional certification is that the notice is *not* sent, "and nothing in the text of the statute prevents plaintiffs from opting in to the action by filing consents with the district court, even when the notice . . . has not been sent". Myers, 624 F.3d at 555 n. 10.

    In denying plaintiff Glover's motion for conditional certification, I decided only that the proposed nationwide class of HRMs was not sufficiently similarly situated to plaintiff

Glover to justify the sending of a notice to that class. I did not decide whether any particular opt-in plaintiff was similarly situated to her. Therefore, my denial of conditional certification of the nationwide class does not automatically require dismissal of those plaintiffs who opted into the case without such notice. *See* Gonyer v. Vane Line Bunkering, Inc., 32 F. Supp.3d 514, 516, 517 (S.D.N.Y. 2014) ("a motion for conditional certification need not be pending in order for a plaintiff to opt in").

**B.      What Must be Proven, and Who Bears the Burden of Proof?**

Some authority suggests that "anyone whosoever may 'consent' to join the action merely by filing an appropriate form, and it then becomes the responsibility of the other parties to move the court to dismiss or sever the claims of those who allegedly are improperly joined". Turner v. Chipotle Mexican Grill, Inc., 2015 WL 4979770, *5 (D. Colo. 2015) (*quoting* King, Ozumba, "Strange Fiction: The 'Class Certification' Decision in FLSA Collective Actions"*,* 24 Labor Lawyer 267, 274 (2009)). I do not agree with that view. Additional plaintiffs may opt in to an FLSA action only "*so long as such plaintiffs are similarly situated* to the named individual plaintiff who brought the action". Myers, 624 F.3d at 555, n. 10 (emphasis added). Therefore, "[t]he burden remains with Plaintiffs to show, by a preponderance of evidence, that they and the opt-in plaintiffs are similarly situated." Hinterberger v. Catholic Health System, 299 F.R.D. 22, 55 (W.D.N.Y. 2014) (Skretny, J.); Zavala v. Wal-Mart Stores, Inc., 691 F.3d 527, 534 (3d Cir. 2012).

"[T]he 'similarly situated' requirement of §216(b) is more elastic and less stringent than the requirements found in Rule 20." Grayson v. K Mart Corp., 79 F.3d 1086, 1095

(11th Cir. 1996). In determining whether employees are similarly situated, "district courts in this circuit typically look to the (1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against collective action treatment." Zivali v. AT & T Mobility, LLC, 784 F. Supp. 2d 456, 460 (S.D.N.Y. 2011).

"[T]o meet their burden, plaintiffs must demonstrate that they are similarly situated with respect to the FLSA violations they allege - not other factors." Kucker v. Petco Animal Supplies Stores, Inc., 2016 WL 237425, *8 (S.D.N.Y. 2016). Lowe's alleges that "Plaintiffs were exempt from the provisions of the . . . FLSA pursuant to 29 U.S.C. §213, 29 C.F.R. §541.100, and 29 C.F.R. §541.200, including the administrative and executive exemptions". Lowe's Answer to Amended Complaint [31], p. 14, ¶ 10. Therefore, the parties agree that "the relevant question is whether the [HRMs] are sufficiently similar in the essential criteria needed to uphold or reject the exemptions". Certification Motion [61], p. 30.

While plaintiff Glover suggests that my denial of her motion for conditional certification of a nationwide class of HRMs "does not prevent [her] from renewing her motion . . . after further factual investigation and discovery by Plaintiff's counsel" (plaintiffs' Supplemental Brief [109], p. 2),[3] no such motion is pending. *See* plaintiffs' Supplemental Brief [109], p. 3 ("Plaintiff Glover here may decide not to seek to certify this as a collective "). Accordingly, for each opt-in HRM desiring to remain in this action, plaintiff Glover must prove

---

[3]   The court has "ample discretion to consider (or to decline to consider) a revised class certification motion after an initial denial". Myers, 624 F.3d at 558.

by a preponderance of the evidence that that HRM is similarly situated to her with respect to FLSA violations.

C.  **Is Discovery Necessary?**

Whether to allow further discovery following the denial of a certification motion is "a decision lying within [the] court's discretion". Myers, 624 F.3d at 557. While plaintiff Glover argues that the opt-in plaintiffs "need discovery in order to prove they are similarly situated" (plaintiffs' Supplemental Memorandum [109], p. 9), she does not explain why that is so, or what further discovery is needed.

The parties admit that "the critical dispositive issue . . . [is] the degree of discretion and judgment [the HRMs] exercised." Joint Motion for Approval of Settlement ("Joint Motion") [42], p. 17.[4] "[T]he main issue in this case is whether HRMs exercised independent judgment and discretion on matters of significance . . . . The employee does not have to make final decisions on such matters to be exempt. Merely having influence, including making recommendations that are taken into consideration by the ultimate decision maker, suffices to meet the exemption." Id., pp. 15–16.

As Lowe's points out, "[p]laintiff's counsel represents all of the opt-ins. He has sufficient access to interview them, ascertain their working conditions, and submit declarations . . . . He also has access to the discovery in Lytle, including corporate representative depositions. This is sufficient for him to make a showing . . . as to why these 53 opt-ins are

---

[4]     The parties had previously moved for certification of an FLSA collective action for settlement purposes [42]. I denied that motion by Decision and Order dated May 1, 2015 [50].

somehow similarly situated." Defendants' Supplemental Memorandum [108], p. 8.[5] A starting point for that showing would be "substantial and detailed allegations supported by affidavits to satisfy the 'similarly situated' element". Palacios v. Boehringer Ingelheim Pharmaceuticals, Inc., 2011 WL 6794438, *5 (S.D. Fla. 2011).

The declarations thus far submitted by the opt-in plaintiffs (*e.g.*, [62-2]) do not come close to satisfying that requirement. In the first place, they are essentially identical to each other. While "the mere fact that the declarations submitted by Plaintiff are virtually identical does not ipso facto render them incompetent", Sanchez v. Sephora USA, Inc., 2012 WL 2945753, *2 (N.D. Cal. 2012), it severely undercuts their persuasive value. *See* Palacios, 2011 WL 6794438, *5 ("Plaintiff attaches three almost identical, cut-and-paste declarations . . . . The Court strongly disapproves of the use of boilerplate attorney-drafted declarations"); Dale v. Dretke, 2005 WL 994750, *3 (E.D. Tex. 2005), adopted, 2005 WL 3095707 (E.D. Tex. 2005) aff'd, 553 F.3d 876 (5th Cir. 2008) ("The number of separate, but substantially identical, affidavits in support of Petitioner's claim detracts from the credibility of their content"); Desert Sun Net LLC v. Kepler, 2006 WL 3091170, *6 (W.D. Wash. 2006) ("The Court gives little weight to such 'cookie cutter' declarations"); Guifu Li v. A Perfect Day Franchise, Inc., 270 F.R.D. 509, 516 (N.D. Cal. 2010) ("The Court does not find Defendants' submission of nearly-identical declarations by current workers . . . to be credible"); Silverman v. SmithKline Beecham

---

[5] Counsel for the parties to this action were previously involved in another FLSA action against Lowe's in the United States District Court for the Middle District of Florida commenced by another HRM, Lizeth Lytle, on behalf of herself and others similarly situated (Case No. 8:12–cv–1848–T–33TBM) (the *"*Lytle action"), which they describe as "parallel and virtually identical" to this case. Joint Motion [42], p. 11.

Corp., 2007 WL 6344674, *2, n. 5 (C.D. Cal. 2007) ("Plaintiff has provided nine declarations from one current and eight former GSK sales representatives in support of his claim that the members of the putative class are similarly situated. These declarations are nearly identical . . . . The Court strongly disapproves of the use of boilerplate attorney-drafted declarations").[6]

Even more troublesome, however, is the fact that the declarations contradict representations previously made by plaintiffs' attorney in the Joint Motion [42]. For example, ¶9 of the declarations states that "the HRM position[s] *in all the stores were identical* in job duties . . . responsibility, authority and all other aspects of employment by design of Lowe's corporate" (emphasis added), and ¶47 states that "Lowes [*sic*] makes it very clear that *each* HRM has very little discretion to use their independent judgment in how the job duties and responsibilities are to be carried out. Lowes stresses uniformity, and similarity in all aspects of the HRM position" (emphasis added).

However, the Joint Motion noted a "discrepancy among HRMs on the critical dispositive issue in this case - the degree of discretion and judgment they exercised". [42], pp. 16-17. "[T]here are numerous HRMs, both current and former, who testified . . . that they made significant decisions, including having influence into almost all final decisions at their stores. Id., p. 15. "Many of the opt-in plaintiffs testified that they . . . participated in significant decisions at their stores, especially with respect to hiring. Many of the HRMs explained . . . that they had fifty percent input into all final hiring decisions at their stores. Many also testified that they led their store's recruiting efforts, were involved in disciplinary decisions, and counseled

---

[6] Although it has been suggested that the court may not "question the credibility of Plaintiffs' declarations" at the initial stage of a motion for class certification, Guzman v. Three Amigos SJL Inc., ___F. Supp.3d___, 2015 WL 4597427, *9 (S.D.N.Y. 2015), I am no longer dealing with a motion for class certification.

employees on work-related issues." [42], pp. 2-3. The "discrepancy among HRMs" is heightened by the fact that "[f]or almost one year now . . . HRMs at Lowe's have worked under a revised job description, one that clearly meets the requirements of the administrative exemption. Other changes adopted at Lowe's in the last few years have also ensured that HRMs exercise more independent judgment and discretion." Id., pp. 14-15.

        Plaintiffs ask me to "assure them that [I] will evaluate all the evidence produced [on] a clean slate, rather than rely, in whole or in part, on the statements of Plaintiffs' Counsel in the Joint Motion". Plaintiffs' Proposal [104], p. 3. While I will certainly consider whatever additional submissions plaintiffs and/or Lowe's choose to offer, that consideration must be made in context with what the parties have said in the past. "A litigant may not play fast and loose with the courts by freely taking inconsistent positions in a lawsuit and simply ignoring the effect of a prior filed document." Reinschmidt v. Exigence LLC (Del.), 2014 WL 2047700, *3 (W.D.N.Y. 2014) (Arcara, J./McCarthy, M.J.). *See also* Garriott v. NCsoft Corp., 661 F.3d 243, 248 (5th Cir. 2011) ("[c]ourts look skeptically at . . . claims for a do-over").

        "Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly [and] sensible." Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). In deciding whether to allow discovery, courts must consider whether it is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit". Fed. R.

Civ. P. ("Rule") 26(b)(1), as amended effective December 1, 2015. "[T]he amended Rule is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." Henry v. Morgan's Hotel Group, Inc., 2016 WL 303114, *3 (S.D.N.Y. 2016).

In view of the discrepancies among HRMs noted in the Joint Motion [42], it appears that plaintiff Glover will face an uphill battle in demonstrating that the opt-in plaintiffs are similarly situated to her. See Ruiz, 93 F. Supp. 3d at 300 (the "opt-in plaintiffs [are at] branches scattered across the country . . . . Given that the number of necessary subclasses would likely approach the number of plaintiffs, there are no apparent efficiencies to be gained from proceeding collectively rather than by individual suit"); Marshall v. Eyemasters of Texas, Ltd., 272 F.R.D. 447, 450 (N.D. Tex. 2011) ("it appears that employees holding the same job title were performing different duties at different stores . . . . [This case] seems to turn not only on whether or not multiple positions are similar to each other, but also whether employees within the same position were fulfilling the same tasks. It is clear . . . that an individual fact-finding will be necessary for each of the named plaintiffs to determine if FLSA violations occurred"); England v. New Century Financial Corp., 370 F. Supp. 2d 504, 511 (M.D. La. 2005) ("plaintiffs in this case have not met their burden of showing that they are 'similarly situated.' It is clear that this case involves a multitude of different managers at different geographical locations across the country. It is also clear that individual inquiries must predominate in this case because of the different locations, managers, and factual situations involved at each location").

Nevertheless, plaintiff Glover and the opt-in plaintiffs should be given an opportunity to make that attempt.  However, if they seek leave to conduct further discovery as to whether plaintiff Glover and the opt-in plaintiffs are similarly situated, that request must include a specific and detailed showing of what discovery is sought, why that information is not already available to them, and how that discovery would be likely to demonstrate that the opt-in plaintiffs are similarly situated to plaintiff Glover.  Absent such a showing, I agree with Lowe's that "discovery is unwarranted to make this determination, or at least is premature".  Lowe's Supplemental Memorandum [108], p. 9.

## CONCLUSION

Plaintiffs' submissions in accordance with the directives of this Decision and Order shall be filed by March 18, 2016.  Lowe's may respond by April 15, 2016, and plaintiffs may reply by April 27, 2016.  Oral argument may thereafter be scheduled, if requested by the parties or deemed necessary by the court.

**SO ORDERED**.

Dated:   February 8, 2016

                                       /s/ Jeremiah J. McCarthy
                                        JEREMIAH J. MCCARTHY
                                        United States Magistrate Judge